**GOODWIN et al. v. HERTZBERG.**

No. 11513.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 18, 1952.

Decided Dec. 22, 1952.

Philip W. Amram, Washington, D. C., for appellants.

John R. Daily, Washington, D. C., with whom H. Mason Welch and J. Harry Welch, Washington, D. C., were on the brief, for appellee.

Before EDGERTON, CLARK, and FAHY, Circuit Judges.

PER CURIAM.

This is a suit for personal injuries alleged to have been caused to the appellant Mrs. Goodwin by surgical malpractice of the appellee. After a long trial the jury disagreed and was discharged. The court refused to grant a new trial and directed judgment for the appellee. The question is whether there was enough evidence of negligence to entitle appellants to a new trial.

■ In performing an operation in which it was necessary to use care not to perforate the patient's urethra, appellee perforated it. On the witness stand he said "I must have made the opening myself in the process of operation. I am only human." Moreover the evidence of negligence was not confined to this original operation. In our opinion the case should have been submitted to a second jury.

■ "The rule applicable in the District of Columbia on a motion for a directed verdict, in an action founded upon negligence, is that the evidence must be construed most favorably to the plaintiff; to this end he is entitled to the full effect of every legitimate inference therefrom; if upon the evidence, so considered, reasonable men might differ, the case should go to the jury * * *." Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 103, 143 F.2d 142, 143. It is immaterial that no expert testified that appellee acted negligently. "Malpractice is hard to prove. The physician has all of the advantage of position. * * * What therefore might be slight evidence when there is no such advantage, as in ordinary negligence cases, takes on greater weight in malpractice suits. * * * Generally speaking, direct and positive testimony to specific acts of negligence is not required * * *." Christie v. Callahan, 75 U.S.App.D.C. 133, 135, 136, 147, 124 F.2d 825, 827, 828, 839. In surgical cases especially there are " '* * * many instances where the facts alone prove the negligence, and where it is unnecessary to have the opinions of persons skilled in the particular science to show unskillful and negligent treatment.' " Byrom v. Eastern Dispensary & Casualty Hospital, 78 U.S.App.D.C. 42, 43, 136 F. 2d 278, 279.

Remanded for a new trial.