DREW, Justice.
Appellants, plaintiffs below, instituted these proceedings by filing a complaint in equity against the appellees following receipt of notice to cancel a contract hereafter referred to. Appellants refer to the complaint as “ * * * bill for rescission and cancellation of a certain agreement * * * and for return of monies * * * and for receivership, accounting and other relief.” Appellees, defendants below, moved to dismiss the complaint, the motion was duly granted without leave to amend, and this appeal followed.
Boiled down to its essence, the complaint charges that plaintiffs and defendants (who represented themselves to be successful cattle operators) entered into a contract whereby defendants would purchase a “good grade of productive cows” with money furnished by the plaintiffs, the cows would be branded for identification, remain the property of plaintiffs and be .pastured on good pasture lands owned by defendants; all calves produced would belong to the owners of the cows. The responsibility for raising the cattle and caring for them was assumed by defendants. The basis for division of profits from sales and additions to the herds was provided for and the agreement contained many other provisions relating to such transaction, among which were the following:
“(11) It is further mutually agreed by the Parties hereto that the term of this Agreement shall be for a period of ten years from the date hereof, provided, however, that either Party to this Agreement may, during the said term of ten years and at the end of any calendar year ending on December 31 of such year, have an option to cancel the same and in the event that either Party desires so to do, such party shall *184 notify the other Party of such desire in writing at least thirty days prior to end of the year at the address herein set forth, which notice of election if mailed shall be sent by Registered Mail and in the event that this Agreement is terminated by either Party hereto, the cattle shall be sold as herein provided within the thirty days after receipt of notice or as soon thereafter as may be practical in the judgment of Second Party, and the proceeds of such sale divided as if the same were sold in the normal course of business as set. forth in the preceding paragraphs.”
“(15) It is mutually agreed and particularly understood that the entire and complete liability of the Second Party be limited to the amount deposited hereunder plus any net accruals under the .terms hereof, and by refunding such amount the Second Party shall be discharged of any liability or responsibility hereunder.”
Plaintiffs alleged • that defendants were not successful cattle operators, that the cattle purchased were of inferior grade, that defendants failed to show the cattle to be plaintiffs, that defendants “never intended in good faith to fulfill said contract and that it all was and is a part of a scheme to defraud plaintiffs * * * and has been deliberately, maliciously and wilfully done in pursuance of the general scheme * * * to defraud plaintiffs,” and that the attempted cancellation of said contract pursuant to the provisions of Section (11) above quoted was a part and parcel of said scheme.
The relief prayed was:
“17. Plaintiffs further charge that the defendants will [sic] by reason of the facts herein set forth and by reason of their actions in pursuance of the contract and their failure to perform in their respects enumerated, never intended in good faith to fulfill said contract and that it all was and is a part of a scheme to defraud pláiñtiffs and others similarly situated of their hard-earned money and has been deliberately, maliciously and wilfully done in pursuance of the general scheme herein specified to defraud plaintiffs and others of their money and that.plaintiffs by reason thereof are entitled to a rescission and cancellation of said agreement and a return of the monies of which they have been fraudulently deprived together with exemplary and punitive damages by reason of the fraudulent acts of the defendants herein set forth together with their reasonable costs and attorneys fees and to a receivership, accounting, injunction and other relief.
“18. Plaintiffs further allege that unless the defendants are restrained and enjoined from disposing of the funds heretofore advanced to' them' under said contract that they will transfer or otherwise dispose of said funds-so as to make them not available to-plaintiffs to abide any final decree entered herein and that by reason thereof plaintiffs are entitled to an injunction without notice restraining and enjoining the defendants from in anywise disposing of said funds or of such cattle as they may have’ purchased under said agreement and to the end that such assets may be preserved for the use and benefit of plaintiffs herein, plaintiffs further pray for the appointment of a receiver pendente lite, accounting and damages both actual and exemplary or punitive, together with the costs of these proceedings including a reasonable attorneys fees and such other relief as plaintiffs may be entitled to in equity and good conscience.”
Appellants have not made it appear that error was committed by the lower court for-the fundamental reason that the complaint sets forth facts which affirmatively show that plaintiffs had an adequate remedy at law and were thereby precluded from invoking the aid of a court of equity. There are cases where the mere existence of a remedy at- law would not preclude an action for rescission and cancellation, but *185 this is not that kind of a case. The relief sought by .plaintiffs is a money judgment- and that fact clearly appears from the prayer quoted above. Willis v. Fowler, 102 Fla. 35, 136 So. 358, was a case that made a much stronger showing for rescission and cancellation than that which appears in this record. There we held that the remedy at law was complete and adequate and. denied relief in the equity proceedings. On the basis of that decision the lower court was not in error in dismissing the complaint. Also see Buzard v. Houston, 119 U.S. 347, 7 S.Ct. 249, 30 L.Ed. 451; Greenfield Villages, Inc., v. Thompson, Fla., 44 So.2d 679, and cases there cited.
Moreover, the complaint was properly dismissed because, for aught it appears therein, the plaintiffs have, suffered no pecuniary loss or injury. There is no allegation that the remaining cows, when sold, will not produce an amount which will return to plaintiffs a sum sufficient to cover the “entire and complete liability” of the defendants under paragraph (15) of the contract above quoted. Absent such allegation, even if the facts alleged were sufficient to charge actionable fraud, plaintiffs have failed to state a case. Stokes v. Victory Land Co., 99 Fla. 795, 128 So. 408.
We find no merit to the assignment of error relating to vacating the order of injunction. Appellants, however, should be given an opportunity to invoke Equity Rule 75, 31 F.S.A., provided such is done within 30 days from the date of the mandate herein and the equity court below is hereby vested with jurisdiction for that period for such purpose. The cause may, in the alternative, be dismissed without prejudice to the appellants to pursue such other remedy as they may be advised.
Affirmed with directions.
SEBRING, HOBSON and MATHEWS, JJ., concur.
ROBERTS, C. J., and TERRELL and THOMAS, JJ., dissent. ■ ■ ,