HORTON, Chief Judge.
Defendants below seek review by interlocutory appeal of two orders entered by the trial court. The first order appointed a receiver, and the second denied the appellants’ motions to transfer, dismiss and vacate the order appointing receiver. This was an equitable action for rescission of alleged oral transactions in which appellee advanced sums of money to the appellants as an investment for the acquisition of paintings. Defendant Acme Transfer & Baggage Co., Inc., has not joined in the appeal, nor was it adversely affected by the orders appealed. In his complaint, appellee charged that the appellants are, “and have been for some time past, engaged in a series of conspiracies to defraud members of the public, and more specifically, the plaintiff, by the utilization of deception, Aim flammery, connivance, treachery, misrepresentation, deceit, and every other known tool of the confidence man’s trade.” The appellee further alleged that the appellants had used the various sums of money advanced by him in furtherance of their conspiracy to defraud and he then alleged “that unless a receiver is appointed without notice, the defendants will dissipate their assets or otherwise secrete them to frustrate the ends of justice.” It was pointed out that most of the assets of the appellants were easily transportable and that their past conduct demonstrated that they would do anything to defeat the ends of justice. The appellee sought the following relief:
“a. That a receiver be appointed without notice to marshal the assets of the defendants and account therefor to this court and to the plaintiff.
“b. The defendants be required to account to this Honorable Court for the disposition of all monies received by them from the plaintiff.
“c. That the entire transaction between the plaintiff and the defendants be declared absolutely void and therefore rescinded and that the defendants be required to return to the plaintiff the sum of $540,935.00, together with interest and costs of this proceeding.
“d. That the receiver appointed hereunder be authorized to sell any and all of the assets which come into his possession under the terms of this order so that the debt owing by the defendants to the plaintiff shall be repaid.
“e. That this Court grant such other and further relief as it deems proper under the circumstances.”
Upon the sworn bill of complaint and without notice, the chancellor entered an order appointing a receiver pendente lite of all the goods and chattels, monies and effects of the appellants.
The appellants haved raised and argued four points upon which they rely for reversal. We have carefully considered all of the points and conclude that the determinative question is whether an equity court may entertain a suit for rescission of an *155 ■oral transaction wherein the ultimate relief sought is a money decree. Under the circumstances, we conclude that the equity court could not and, therefore it is unnecessary for us to discuss those points directed to the appointment of a receiver pendente lite.
It has frequently been stated by courts of this state that where there is a full, adequate and complete remedy at law and the bill presents no independent equity and the only relief sought or which can be appropriately granted is one for which the law provides an adequate and complete remedy, resort to a court of equity is unnecessary and improper. Willis v. Fowler, 102 Fla. 35, 136 So. 358; Cook v. Central and Southern Florida Flood Control Dist., Fla.App.1959, 114 So.2d 691. It appears from the complaint that the only relief the appellee here sought or could rightfully obtain was a money judgment. Clearly, where the relief sought is solely for a money judgment, the remedy at law is completely adequate. 12 Fla.Jur., Equity, § 30, and cases collected therein.
As was recognized in West v. Shirley, Fla.1953, 69 So.2d 182, 184:
“There are cases where the mere existence of a remedy at law would not preclude an action for rescission and cancellation, but this is not that kind of a case. The relief sought by plaintiffs is a money judgment and that fact clearly appears from the prayer quoted above. Willis v. Fowler, 102 Fla. 35, 136 So. 358, was a case that made a much stronger showing for rescission and cancellation than that which appears in this record. There we held that the remedy at law was complete and adequate and denied relief in the equity proceedings. On the basis of that decision the lower court was not in error in dismissing the complaint. Also see Buzard v. Houston, 119 U.S. 347, 7 S.Ct. 249, 30 L.Ed. 451; Greenfield Villages, Inc. v. Thompson, Fla., 44 So.2d 679, and cases there cited.”
The allegations of the complaint, when measured by the applicable rule, fail to meet the test necessary to give them cognizance by a court of equity. Accordingly, the order appointing a receiver should be vacated and the cause transferred to the law side pursuant to Rule 1.39(a), Florida Rules of Civil Procedure, 30 F.S.A.
Reversed and remanded with directions.
PEARSON, TILLMAN, J., concurs
CARROLL, CHAS., J., concurs specially.