130 So.2d 119 (1961)
Nellie MEROLA and Joseph Merola, her husband, Appellants,
v.
I. Frederick STANG, Appellee.
No. 60-485.
District Court of Appeal of Florida. Third District.
May 4, 1961.
Rehearing Denied May 29, 1961.
Sams, Anderson, Alper & Spencer and Ralph P. Ezzo, Miami, for appellants.
Carey, Goodman, Terry, Dwyer & Austin, Miami, for appellee.
CARROLL, CHAS., Judge.
The appellant Nellie Merola, joined by her husband, sued the appellee, a dentist, for damages for personal injuries she received in the course of his treatment of her. The husband sought recovery for the medical expenses. It was alleged that Nellie Merola engaged the dentist to "reconstruct her defective teeth and gums" for an agreed fee of $3,500, and that he negligently cut her lip and chin to an extent which required eight sutures, with resultant pain, embarrassment and other damages. The appellee denied negligence. In the trial before a jury, it was brought out that the injury occurred while the doctor was drilling or cutting on a tooth using a high speed drill with a disk on it. The dentist was working in the lower left portion of the mouth, which had been anesthetized, and he was using an aspirator and tongue and cheek retractor, with a safety guard in the mouth. While so operating, the drill jumped the safety guard, and the disk cut entirely through the plaintiff's lower lip and down to the point of her chin. Plaintiff produced no expert testimony bearing on the question of whether such action of the dentist was negligent. The jury returned a verdict for the plaintiff Nellie Merola in the amount of $7,500 and for her husband in the amount of $1,500. Having *120 reserved ruling on defendant's motion for a directed verdict, the trial judge, on consideration of a subsequent motion, granted the motion for directed verdict, set aside the verdict and entered judgment for the defendant dentist.
On this appeal the point to be determined is whether the jury could pass on the question of the dentist's negligence without such expert testimony thereon.
The case of Brown v. Swindal, Fla.App. 1960, 121 So.2d 38, 39, which was relied on by the appellee does not appear controlling or even applicable here because the facts were materially different. In the Brown case a dentist extracted a tooth which carried with it, clinging to its root, some bone referred to as "part of the process of the jaw." The embedded tooth had dislodged this other matter, and the dentist's statement that this was not an uncommon occurrence in the course of such an operation was an explanation the jury could not reject without expert advice to the contrary. Patently, from the nature of that operation, a jury could not, in the absence of being so informed by expert testimony, know or conclude that what occurred was due to negligence of the dentist.
In the instant case there was no need for a medical expert to inform the jury that for a dentist, while using a drill on a tooth, to slice through the patient's lower lip and cut the patient's face to the point of the chin, was not the accepted method or procedure in grinding a tooth and could be found to be negligence. In this instance the jury had the benefit of a photograph of the patient, showing the nature and extent of the cut through the lip and down the chin, and disclosing the stitches required to close it. The cut was shown to be no mere scratch, but to be extensive and disfiguring.
More nearly in point is the case of Dohr v. Smith, Fla. 1958, 104 So.2d 29, as it related to the anesthetist-doctor. There, during the course of an operation by surgeon, the anesthetist, while using a tube and a laryngoscope in the patient's mouth to administer and maintain anesthesia, accidently broke and dislodged two false front teeth, one of which found its way into the patient's lung, with resultant discomfort. In the Dohr case as in the instant case, the trial judge directed a verdict in favor of the anesthetist because no expert medical testimony was presented to show that she was negligent. The Supreme Court reversed, and held there was no need for expert testimony that what happened there amounted to negligence on the part of the anesthetist.
In the later case of Atkins v. Humes, Fla. 1959, 110 So.2d 663, the Supreme Court made reference to types of malpractice cases in which jurors can determine, without the aid of expert advice, whether there was negligence in the application or administration of medical treatment, citing certain examples, two of which, italicized in the following quotation from that opinion, are similar in import to the situation presented in this case. The Supreme Court there said (110 So.2d at page 666):
"* * * But jurors of ordinary intelligence, sense and judgment are, in many cases, capable of reaching a conclusion, without the aid of expert testimony, in a malpractice case involving a charge of negligence in the application or administration of an approved medical treatment. For example, in the exercise of only common sense and ordinary judgment, a jury would have the right to conclude that it is negligence to permit a wound to heal superficially with nearly half a yard of gauze deeply imbedded in the flesh, Walker Hospital v. Pulley, 74 Ind. App. 659, 127 N.E. 559, 128 N.E. 933; to fail to sterilize surgical instruments before performing an operation, Lanier v. Trammell, 1944, 207 Ark. 372, 180 S.W.2d 818; to cut off part of a patient's tongue in removing adenoids, Evans v. Roberts, 172 Iowa 653, 154 N.W. 923; to perforate the urethra in performing an operation in which it was necessary to use care not *121 to do so, Goodwin v. Hertzberg, 1952, 91 U.S.App.D.C. 385, 201 F.2d 204. Many other examples are cited in the annotation in 141 A.L.R. at pp. 12 et seq.; and see the cases cited in Montgomery v. Stary, supra, 84 So.2d 34 at page 40." [Italics supplied.]
We conclude, therefore, that the jury properly could, as it did, decide from common knowledge and experience, regardless of expert testimony, that what happened in this case amounted to negligence on the part of the dentist, and that the learned trial judge was in error in setting aside the verdict and directing a verdict for the defendant. Accordingly, the judgment is reversed and the cause is remanded with direction to reinstate the verdict and enter judgment thereon.
Reversed and remanded.
HORTON, C.J., and SMITH, D.R., Associate Judge, concur.