SHANNON, Judge.
The appellant, City of Cocoa, a municipal corporation, appeals a final decree entered by the chancellor below in favor of Sullivan Packing Company, a Florida corporation, appellee. The suit was brought in equity for specific performance of a contract under which the City of Cocoa was to pay Sullivan Packing Company the sum of $105,000.00.
This case has a long and interesting history. Prior to 1925, Florida East Coast Railway Company had railroad lines through the City of Cocoa and the City of Rockledge. By a contract of September, *751 1925, the City of Cocoa entered into an agreement by which the City agreed to obtain and convey to the railroad company a new right-of-way west of the City. The railroad agreed to relocate its freight and passenger facilities to this new location, close the former main line running through the City and convey that right-of-way to the City. The adjacent City of Rockledge entered into a similar contract with the railroad. The railroad company immediately began construction of the new double track main line to both cities and has used it continuously since 1926. Although the greater portion of the main line located in the City of Rockledge was immediately removed, that portion of the track located in the City of Cocoa was left in place and used as a spur track to serve businesses there, one of which was a packing house located in the City of Rockledge, and extending into the City of Cocoa. Sullivan Packing Company acquired this property in 1952 and entered into an agreement with the railroad providing for railway service on this spur track. This lease, renewable from year to year, expressly provided for termination by either party on thirty days’ notice, as well as for removal of the track and discontinuance of the service without any liability by the railway company. During 1959 the City of Cocoa renewed efforts to have the spur track removed and the right-of-way deeded by the railway company to the City in accordance with their previous agreement, and a question arose as to the necessity for the City to obtain Sullivan’s consent to termination of railroad service before the tracks could be removed. At a meeting on June 26, 1959, the City Council of the City of Cocoa passed a resolution authorizing the City to enter into a contract to pay Sullivan Packing Company $105,000.00 for which Sullivan “will by said agreement release its rights * * * in and to the former main line right-of-way * * On June 30, 1959, this contract was executed by Sullivan and representatives of the City, but no release was given by Sullivan then or thereafter.
In May, 1960, the railway company petitioned the Florida Railroad & Public Utilities Commission for permission to relocate its freight facilities in the City of Cocoa. At a public hearing on this petition held in the City of Cocoa on July 21, 1960, Sullivan, through counsel, objected to the Commission’s considering and ordering removal of the spur track at that time. However, in 1960, the Commission entered its order authorizing the removal of the freight facilities and on December 22, 1960, the railway company gave Sullivan thirty days’ notice of the cancellation of their agreement governing service on the spur track. Subsequently the railroad began removal of the track.
It appears that the City of Cocoa had a council meeting on July 1, 1960, and adopted a motion to the effect that the City’s contract with Sullivan was illegal, after which Sullivan instituted this action. After the complaint was filed the City made a motion to dismiss,, which was denied, and the City thereupon filed its motion to transfer this action to the law side of the court, together with a demand for trial by jury. The chancellor below denied the City’s motion to transfer this cause .to the law side of the court and, upon trial, decreed that the City pay Sullivan $105,000.00. The denial of the motion to transfer and the demand for jury trial was assigned as error and is set out as one of the points on appeal.
In the complaint, paragraph 3 alleges that the parties entered into a certain contract which was made a part of the complaint. In paragraph 6 plaintiff alleges that it is ready to perform its part' of said agreement and further alleges the rights to be released by plaintiff under said agreement and the property to be acquired by the defendant from the Florida East Coast Railway Company each have a unique value. The complaint prays that the court take jurisdiction of this cause and enter its decree requiring the defendant to specifically perform the agreement by paying to the plaintiff the balance due thereunder and *752 upon failure to do so that execution he issued against the defendant for the amount of the balance found to he due.
 The parties hereto have filed excellent briefs herein, but, when all is said and done, the plaintiff below was suing the City for $105,000.00. There was nothing that Sullivan had to do except release its rights to continuance of railroad service to the packing house occupied by it and served by the spur track along the said former main line. Sullivan maintained that the City had a contract that required the City to pay $105,000.00 and that the City had refused to do so. This is a suit solely for a money judgment, thus it is essentially an action at law, and the chancellor’s denial of the City’s motion to transfer this cause to the law side of the court with a trial 'by jury was error.
Florida Rules of Civil Procedure, Rule 1.39, 30 F.S.A., provides the following:
“(a.) Transfers of Actions. If at any time it appears that an action has been commenced either in equity or at law when it should have been brought on the opposite side of the court it shall be forthwith transferred to the proper side and proceeded with without interruption. * * * ”
5A C.J.S. Appeal and Error, § 1711, in dealing with this question, says:
“Erroneously transferring or refusing to transfer a case to or from the law or equity docket is harmless and not ground for reversal where the result must have been the same; but where plaintiff had a right to have his case submitted to the jury and there were no grounds for the assertion of any right by defendant in a court of equity, a transfer to such court is prejudicial error.”
Pomeroy’s Specific Performance of Contracts, 3d Ed., Sec. 47, states:
“ * * * It is the fundamental principle regulating the exercise of this equitable jurisdiction, that whenever the legal remedy of damages is sufficient, equity will not interfere, and the specific performance will be refused ; and this is always the case when a contract is satisfied by a payment of money. * * *” (Emphasis added).
This general rule has been more recently reiterated in de Funiak, Handbook of Modern Equity, 2d Ed., Sec. 67, where the author states:
“ * * * [A] contract for the payment of money will not be enforced by a court of equity, since it can do no more than a court of law, give a decree for the amount due.”
In Miller v. Rolfe, Fla.App. 1957, 97 So.2d 132, the subject of equitable jurisdiction is discussed. Judge Wigginton, speaking for the court, states:
“Appellee’s remedy therefore is limited to a claim for damages, if any he suffered, in an action at law for appellants’ breach of contract. We are not here dealing with a mere technicality. Throughout the annals of our jurisprudence the right to trial by jury in actions cognizable at law, as guaranteed by the clear mandate of our Constitution, has remained sacred and inviolate, and although it may be waived by consent of the parties, it can neither be disregarded nor withheld by the court over the objection of a party vested with such right. On the issue of damages, appellants were entitled as of right to a jury trial in a court of law and, in the absence of a waiver thereof, they could not be deprived of that right.”
In Adjmi v. Pankonin, Fla.App.1961, 126 So.2d 153, Judge Horton, for the court, had this to say:
“ * * * It appears from the complaint that the only relief that the ap-pellee here sought or could rightfully obtain was a money judgment. Clearly, *753 where the relief sought is solely for a money judgment, the remedy at law is completely adequate. 12 Fla-Jur., Equity, § 30, and cases collected therein.”
It is quite clear that Sullivan’s claim against the City was for a money judgment, and that is its only claim. Whether the appellee was entitled to it or not, we do not decide, but clearly it presents a case that should be tried on the law side with its attendant right to a jury trial. We are not passing upon any of the other questions raised, only that this case be reversed and remanded for a new trial at law.
Reversed and remanded.
ALLEN, Acting C. J., and KANNER (Ret.), J., concur.