**Earl Q. MORSE and Mrs. Earl Q. Morse, Appellants,**

v.

**Dr. Frederic A. MORETTI and Doctors Hospital, Inc., Appellees.**

No. 20826.

United States Court of Appeals District of Columbia Circuit.

Argued Nov. 30, 1967.

Decided Jan. 25, 1968.

Mr. Dale L. Button, Bethesda, Md., for appellants.

Mr. John L. Laskey, Washington, D. C., for appellee Doctors Hospital.

Mr. Walter J. Murphy, Jr., Washington, D. C., with whom Mr. John L. Ridge, Jr., Washington, D. C., was on the brief, for appellee Moretti.

Before EDGERTON, Senior Circuit Judge, and McGOWAN and LEVENTHAL, Circuit Judges.

PER CURIAM:

The plaintiffs in a medical malpractice suit appeal from a judgment based on a directed verdict for the defendants. They say the case should have gone to the jury.

Appellants are husband and wife. While the husband was a patient in Doctors Hospital, one of the appellees, the other appellee, Dr. Moretti, removed a cataract from his right eye and afterwards performed a similar operation on his left eye. A urinary infection developed in the left eye, further surgery was necessary, and as a result the eye is sightless.

■■ The evidence must be construed most favorably to the appellants. Goodwin v. Hertzberg, 91 U.S.App.D.C. 385, 201 F.2d 204 (1952). So construed, it would support a finding that both appellees were negligent. But this is not enough. In a suit for personal injuries the plaintiff must prove that negligence caused the injury. Since the appellants produced no significant evidence on this point, the court did not err in directing a verdict.

■■ The judge stated his reasons for directing a verdict, which is commendable. But we suggest that judges may well consider submitting some cases

to the jury even though they would set aside a verdict for the plaintiffs. "Where the trial court has any doubt as to whether to grant the motion for a directed verdict, the better practice is for the judge not to direct a verdict but to reserve decision and let the jury bring in a verdict, * * *" 5 MOORE'S FEDERAL PRACTICE § 50.05[3]. The jury might return a verdict for the defendants. Furthermore, if a verdict for the plaintiff were erroneously set aside, the appellate court could merely reinstate it and a new trial would be unnecessary. See Shewmaker v. Capital Transit Co., 79 U.S.App.D.C. 102, 143 F.2d 142 (1944); Williams v. Greenblatt, 106 U.S.App.D.C. 335, 272 F.2d 564 (1959).

Affirmed.