374 So.2d 1015 (1979)
Nick DIGAETENO and Fincredito Trust Corporation, N.V., a Foreign Corporation, Idalia Candales and Silvano Nonino, Appellants,
v.
Sandro PEROTTI, Appellee.
Nos. 79-634, 79-635.
District Court of Appeal of Florida, Third District.
July 10, 1979.
Rehearing Denied September 17, 1979.
David A. Freedman, Rohan & Rohan, Miami, for appellants.
*1016 Fowler, White, Burnett, Hurley, Banick & Knight and Ronald P. Weil, Miami, for appellee.
Before HAVERFIELD, C.J., and BARKDULL and KEHOE, JJ.
PER CURIAM.
Fincredito Trust Corporation, N.V. and its agents, defendants in the trial court, appeal preliminary mandatory injunctive orders directing them to deposit $33,500 in the registry of the court and enjoining them from removing or transferring from the jurisdiction of the court any tangible or intangible assets in which they have any legal or equitable interest.
Plaintiff, Sandro Perotti, entered into negotiations with Fincredito Trust Corporation and its agents for a loan in excess of one million dollars. Perotti submitted a preliminary application for the loan and in conjunction therewith deposited $33,500[1] with Fincredito. Fincredito did not make the loan and failed to return the deposit although Perotti made demand therefor. Perotti then filed the present complaint alleging fraud in the inducement and conversion and prayed for a mandatory injunction directing that the $33,500 be returned and prohibiting Fincredito from transacting business as a bank or trust company in the State of Florida without proper licensure. Thereafter, Perotti filed motions for temporary mandatory injunctions against Fincredito and its officers and requested that the defendants be required to deposit $33,500 into the registry of the court in order to maintain the status quo. At a hearing on these motions, evidence was adduced that Fincredito, a foreign corporation, was not duly authorized to conduct business within the State of Florida. The trial judge entered the herein appealed mandatory injunctions directing that defendants deposit $33,500 into the registry of the court and restraining them from removing or transferring any of their assets. We reverse.
A perusal of Perotti's complaint reflects that essentially this is a suit seeking damages for conversion, an action at law. Perotti having an adequate remedy at law for a money judgment, the trial judge erred in resorting to equity and entering the mandatory injunctions. See Adjmi v. Pankonin, 126 So.2d 153 (Fla. 3d DCA 1961); City of Cocoa v. Sullivan Packing Company, 167 So.2d 750 (Fla. 2d DCA 1964).
Accordingly, the mandatory injunctions are reversed.
Reversed.
NOTES
[1] $8,500 as a loan application fee and $25,000 to guaranty the loan request.