383 So.2d 1104 (1980)
Florence PERRY, Appellant,
v.
J.M. LANGSTAFF, M.D., Appellee.
Nos. 78-850/T4-93, 78-1092/T4-93A.
District Court of Appeal of Florida, Fifth District.
April 23, 1980.
Rehearing Denied June 4, 1980.
*1105 Arnold R. Ginsberg of Horton, Perse & Ginsberg and Hawkesworth & Schmick, P.A., Miami, for appellant.
John G. Rooney of Smalbein, Eubank, Johnson, Rosier & Bussey, P.A., Rockledge, for appellee.
COBB, Judge.
In this malpractice action, the trial court entered a summary judgment for the defendant urologist, and timely appeal was initiated to this Court. The plaintiff claimed the defendant negligently severed the right external iliac artery during surgery to remove kidney stones from the ureter.
The evidence viewed most favorably for the plaintiff supports, at least inferentially, the proposition that the defendant surgically severed the artery after identification was made of the ureter. Does this constitute actionable negligence based upon a departure from the accepted standard of care prescribed by Section 768.45(1), Florida Statutes? The appellant asserted at the trial level and in her appellate brief that it does. At least one expert witness, a vascular surgeon, Dr. LaRosa, testified in his deposition that this type of incident is recurrent even with the most careful urologic surgeons.
The defendant testified before the trial court that the artery should not be cut in normal circumstances, but in this case of abnormal scarring he did not admit that cutting the artery was negligence. He did make the statement, "In a normal anatomical decision, you'd have to be an idiot to cut it." He denied making such a decision, and the uncontroverted evidence before the trial court was that this was not a normal anatomical situation, but an extraordinary case of scar tissue formation resulting from past surgical procedures and disease. No evidence, expert or lay, was presented to the trial court to support the breach of the requisite statutory duty under these facts.
Once the movant for summary judgment has met his initial burden of tendering competent evidence demonstrating the non-existence of any genuine issue of material fact, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue. It is not enough to merely assert that a breach of duty existed. See Landers v. Milton, 370 So.2d 368 (Fla. 1979); Harvey Building, Inc. v. Haley, 175 So.2d 780 (Fla. 1965); Farrey v. Bettendorf, 96 So.2d 889 (Fla. 1957). Accordingly, the summary judgment entered by the trial court is AFFIRMED.
CROSS, J., concurs.
SHARP, J., dissents with opinion.
*1106 SHARP, Judge, dissenting.
This is an appeal from a summary judgment in favor of the defendant/doctor in a medical malpractice suit. The trial court relied on Sims v. Helms, 345 So.2d 721 (Fla. 1977), and Thomas v. Berrios, 348 So.2d 905 (Fla. 2d DCA 1977) in granting a summary judgment. It stated there were no material issues of fact because the plaintiff would not be able to provide an expert medical witness to support her claim at trial. The plaintiff argues she should have been allowed to proceed to trial based on the testimony of doctors and the parties adduced at the medical mediation procedure and pre-trial discovery.
The defendant performed surgery on the plaintiff for removal of a kidney stone from her ureter. Because this was not plaintiff's first surgery of this nature, there was a great deal of scar tissue, which made identification of the ureter difficult. During the course of the surgery the iliac artery was cut with a scalpel. Defendant's notes made immediately following the surgery state:
Dialated ureter was noted and attempts at disection of this down to the level of the stone, a vertical clean defect was made in the right iliac artery.
Two months later the defendant added the following notation: "However, in the course of events, in the dissection of the scar tissue around the ureter, the right external iliac vessel was lacerated." One fair inference from the surgical notes and the defendant's deposition is that the cut in the artery happened after he had located and identified the ureter and the blood vessel beneath it.
The medical testimony focused on the difficulty in finding and properly locating the ureter and the artery in a patient who has previously had surgery in the same area, and who has a lot of scar tissue. In such an operation, damage to the artery by nicking or tearing it is not unlikely or unusual. But the defendant himself admitted that the artery should not be cut where the vessel has been identified, or at least such was a permissible inference from his testimony given at his deposition.
Under the circumstances of this case, I do not think Sims and Thomas are controlling. Both involve medical malpractice suits against doctors who punctured other organs during the course of performing hysterectomies. Apparently punctures of the bladder or damage to the ureter occur sufficiently often, in the process of removing the uterus, that they must be considered risks of that type of surgery. The injury alone is not sufficient to show negligence, and if the plaintiff cannot muster a medical opinion to show negligent treatment or choice of treatment, summary judgment against her is appropriate. Sims, at 723.
In the present case, there was no such showing that cutting the artery is a reasonable risk of this kind of surgery after the ureter and blood vessels have been identified. The most favorable inference from the depositions and evidence, to which the plaintiff was entitled,[1] was that the defendant cut too deeply into the ureter in removing the stone, and in fact sliced all the way through it, and through the artery lying beneath. The difficulty in this case was not the method and procedure chosen by the defendant/doctor but rather his negligent administration of an approved procedure for which summary judgment is not appropriate. Cowan v. Diaz-Padron, 350 So.2d 1107 (Fla. 3d DCA 1977).
It is not necessary for the plaintiff to produce a medical expert in all malpractice cases, in order to successfully obtain a jury trial. Pierce v. Smith, 301 So.2d 805 (Fla. 2d DCA 1974). Such a rule would unconstitutionally deprive a party of the right to jury trial. City of Cocoa v. Sullivan Packing Co., 167 So.2d 750 (Fla. 2d DCA 1964), Art. 1 § 22 Fla. Const. The rule stated in Thomas and Sims should be strictly limited to situations where damage to other body organs is sufficiently common and unavoidable as to make it a normal kind of risk of that kind of surgery. This case falls outside that area.
Obviously, except in rare cases, neither the court nor the jury can or should be *1107 permitted to decide, arbitrarily, what is or is not a proper diagnosis or an acceptable method of treatment of a human ailment... . But jurors of ordinary intelligence, sense, and judgment are, in many cases, capable of reaching a conclusion, without the aid of expert testimony, in a malpractice case involving a charge of negligence in the application or administration of an approved medical treatment. For example, in the exercise of only common sense and ordinary judgment, a jury would have the right to conclude that it is negligence to ... perforate the urethra in performing an operation in which it was necessary to use care not to do so, Goodwin v. Hertzberg, 1952, 91 U.S.App.D.C. 385, 201 F.2d 204. (Emphasis supplied).
Atkins v. Humes, 110 So.2d 663 at 666 (Fla. 1959). A jury question is presented in this case as to whether the defendant negligently performed an approved medical procedure. I would reverse and remand this case for trial.
NOTES
[1] Holl v. Talcott, 191 So.2d 40 (Fla. 1966); Wills v. Sears, Roebuck Co., 351 So.2d 29 (Fla. 1977).