388 So.2d 1267 (1980)
William T. ROBERTS As Pinellas County Sheriff, et al., Etc., Appellants,
v.
Brenda STOKLEY, Etc., Appellee.
No. 80-430.
District Court of Appeal of Florida, Second District.
September 17, 1980.
Rehearing Denied October 20, 1980.
Chris W. Altenbernd, Tampa, James B. Thompson and Mark E. Hungate of Fowler, White, Gillen, Boggs, Villareal & Banker, St. Petersburg, for appellants.
Edwin J. Bradley of Lloyd & Henniger, St. Petersburg, for appellee.
PER CURIAM.
Stokley's husband committed suicide in the Pinellas County jail. Stokley sued Roberts, the Pinellas County Sheriff, contending that the Sheriff "negligently, recklessly or willfully, failed to take the precautions or make the supervision necessary in the exercise of reasonable care to prevent Mark Stokley from injuring himself when [the Sheriff] knew or should have known that he was likely to commit suicide." Subsequently, Stokley moved for summary judgment as to liability contending that the Sheriff's violation of an administrative rule of the Department of Health and Rehabilitative Services applicable to the jail constituted negligence per se. The trial court granted the motion and the Sheriff filed this appeal.
We have some reservations over whether the violation of the administrative rule constituted negligence per se; we need not reach that issue, however. Stokley submitted several affidavits in support of her motion for summary judgment. These established that the Sheriff was negligent in failing to follow a physician's instructions on precautions designed to prohibit Stokley's husband from committing suicide, and that the Sheriff's negligence was a legal cause of Stokley's death.
The Sheriff failed to contravene these affidavits. As stated in Perry v. Langstaff, 383 So.2d 1104, 1105 (Fla. 5th DCA 1980), "[o]nce the movant for summary judgment has met his initial burden of tendering competent evidence demonstrating the nonexistence of any genuine issue of material fact, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue." Therefore, no genuine issue of material fact remained for the trier of fact.
*1268 Consequently, the trial court properly granted summary judgment to Stokley. We affirm.
SCHEB, C.J., and GRIMES and OTT, JJ., concur.