HOBSON, Acting Chief Judge.
Vagabond Travel and Tours, Inc., (“Vagabond”), plaintiff below in an action for specific performance of a contract, appeals a final summary judgment rendered in favor of Universal Inns of America, Inc., doing business as Admiral Benbow (“Ben-bow”), and an order of the lower court denying Vagabond’s motion to amend the complaint. We affirm in part and reverse in part.
On May 18, 1982, Vagabond initiated an action seeking damages and specific performance of an alleged contract to rent 150 hotel rooms during the 1984 Super Bowl. Benbow filed a motion to dismiss, and thereafter Vagabond filed an amended complaint which excluded the claim for damages pursuant to instructions from the client.
After discovery, Benbow moved for summary judgment on January 26, 1983, on the grounds that no genuine issues as to any material fact existed and that Benbow was entitled to summary judgment holding, as a matter of law, that Vagabond was not entitled to the remedy of specific performance.
On February 21, 1983, the trial court heard Benbow’s motion for summary judgment. Although the record does not show when the trial date was set, evidently, prior to the February 21 hearing, trial was set for March 8, 1983. On February 22, 1983, the trial court instructed Benbow’s counsel to prepare a summary judgment in Benbow’s favor. On February 24, 1983, Vagabond filed a motion to amend the amended complaint for the inclusion of an additional cause of action for damages against Ben-bow. However, prior to hearing Vagabond’s motion to amend, final summary judgment was entered on February 28, 1983. The trial court entered the order granting summary judgment on the following grounds: 1) hotel rooms are not unique objects so as to entitle Vagabond to specific performance of any purported agreement relating to the use of hotel rooms; 2) Vagabond had an adequate remedy at law via an action for compensatory damages; 3) the alleged agreement was unilateral in nature, there being no mutuality of obligation or mutuality of remedy; and 4) a prior commitment of Benbow with the National Football League rendered Benbow incapable of complying with the alleged agreement with Vagabond.
The motion to amend, not having been disposed of, was heard by the trial court on March 7, 1983. Thereafter the court entered an order denying Vagabond’s motion to amend the complaint. In its order, the court found that Vagabond’s claim for damages appeared to be premature and, in any event, the proposed second amended complaint attempted to state a new and different cause of action and sought to introduce new issues and materially vary the grounds for relief.
On March 10 and 17,' 1983, Vagabond filed motions for rehearing which were denied by the trial court on April 8, 1983.
On appeal, Vagabond challenges the findings of the trial court in the order granting summary judgment as well as the order denying Vagabond’s second motion to amend the complaint. Because we find that Vagabond does have an adequate remedy at law, we affirm the final summary judgment, denying specific performance. However, in view of the fact that such denial, and our affirmance thereof, was based on Vagabond having an adequate remedy at law, we direct the trial court to grant Vagabond’s second motion to amend the pleadings to allow Vagabond to state a cause of action for damages.
Accordingly, we affirm the final summary judgment and reverse the order denying Vagabond’s second motion to amend the complaint.
AFFIRMED in PART, REVERSED in PART, and REMANDED.
GRIMES and CAMPBELL, JJ., concur.