LEHAN, Judge.
In this declaratory judgment suit we agree with the trial judge that the definition in the lease involved in this suit of the tenant’s “gross business,” which established the basis upon which to calculate rent, was ambiguous. The record supports the trial court’s resolution of that ambiguity by determining that there was no intent of the parties to the lease to calculate rent on the basis argued for by appellant landlord which would have included in “gross business” certain revenues not received by the tenant from work done by others on the leased premises. Therefore, summary judgment to that effect was properly entered.
Mere contractual ambiguity does not necessarily preclude summary judgment. In this case the trial court correctly concluded that no competent evidence before the court contravened the evidence presented by appellee in support of its mo *558 tion for summary judgment which established the foregoing lack of intent.
Once the movant for summary judgment has met his initial burden of tendering competent evidence demonstrating the nonexistence of any genuine issue of material fact, the opposing party must come forward with counter-evidence sufficient to reveal a genuine issue.
Roberts v. Stokley, 388 So.2d 1267 (Fla. 2d DCA 1980), quoting from Perry v. Langstaff, 383 So.2d 1104, 1105 (Fla. 5th DCA 1980). See also Southern Rambler Sales, Inc. v. American Motors Corp., 375 F.2d 932, 937 (5th Cir.1967). Griffin Builders Supply, Inc. v. Jones, 384 So.2d 265 (Fla. 2d DCA 1980), contains language which appellant argues would mandate no summary judgment in a case involving the interpretation of an ambiguous contract. However, there was a significantly different situation in Griffin where, in contrast to the case at hand, the record showed that the parties to the contract interpreted it differently. Here the competent evidence showed only one interpretation.
Affirmed.
OTT, A.C.J., and CAMPBELL, J., concur.