WIGGINTON, Judge.
Appellant appeals a final order, entered after jury verdict, awarding appellee a money judgment in the amount of $14,-833.32. We reverse and remand for entry of a judgment in favor of appellant.
*494 The cause concerns a $93,000 subcontract entered into by appellant and appellee (a utility contractor) requiring appellee to install a water servicing and sewer system for the construction of a storage facility. The parties’ dispute arose over the manner in which appellee patched certain pavement in completion of its work under the subcontract. Appellee’s position was that, under the contract, it was required merely to apply a temporary patch in the asphalt. Appellant maintained that the wording in the contract and the clear meaning of the term “cutting and patching pavement” in the industry dictate that appellee was responsible for permanently patching the pavement in question and that, by applying only a temporary patch, appellee failed to fulfill its contractual obligation. On that ground, appellant withheld from appellee partial payment under the contract. Thereupon, appellee asserted the instant claim that appellant had breached the contract by failing to pay all sums due thereunder, and the jury entered a verdict in appellee’s favor.
The basis of appellee’s assertion is its “proposal” to appellant dated April 16, 1984, wherein it provided that it would furnish all labor and materials and temporary asphalt repair. On the following day, appellee, through its agent, Mr. S. Greer Wells, entered into the subcontract with appellant. That agreement did not include the above language but provides that the work performed by appellee is to be completed in accordance with the plans and specifications of the overall (Jacksonville Port Authority) project. In specific regard to cutting and patching pavement, the subcontract provided:
Note: Cutting & Patching Pavement all as shown and called for on the plans and described in the specifications, including addenda thereto, if any, all of which SubContractor hereby acknowledges that he has read and is familiar with, entitled JPA Project No. C-297, Equipment Storage Facility, Blount Island Marine Terminal. ...
At trial, after determining that the phrase “cutting and patching” as used in the subcontract is ambiguous, the trial judge allowed appellee to present testimony that, in appellee’s understanding, the contract did not contemplate that appellee would permanently patch the pavement. He also allowed appellee to introduce into evidence its written proposal, submitted prior to the signing of the contract, declaring that appellee’s bid included only temporary asphalt repair. Both parties presented witnesses who testified on the question of whether the term “cutting and patching” has any trade usage meaning in the industry.
Appellant asserts that the trial judge erred in admitting the above evidence and testimony when a clear and unambiguous contract exists which contains the parties’ entire agreement. We agree. The terms of the subcontract, including the incorporated plans and specifications of the project, which are contained in the record (especially as depicted on the paving repair details at Sheet C-4 of the plans), are not ambiguous as a matter of law. They show that permanent asphalt repair was contemplated by the subcontract and agreed to by the parties. Thus, the trial judge erred in admitting extraneous evidence and testimony relating to the formation of the contract. Accordingly, we reverse and remand for entry of a judgment in favor of appellant. See Nevel v. Monteleone, 514 So.2d 383 (Fla. 4th DCA 1987).
REVERSED AND REMANDED.
SHIVERS and ZEHMER, JJ., concur.