579 So.2d 237 (1991)
TEREX TRAILER Corporation, a Delaware Corporation; and K-H Corporation, a Delaware Corporation, Appellants,
v.
Arnold P. McILWAIN, Appellee.
No. 90-2969.
District Court of Appeal of Florida, First District.
April 29, 1991.
*239 C. Harris Dittmar and Charles P. Pillans of Bedell, Dittmar, DeVault & Pillans, Jacksonville, for appellants.
William G. Cooper of Coker, Myers, Schickel, Cooper & Sorenson, P.A., Jacksonville, for appellee.
JOANOS, Judge.
Terex Trailer Corporation and K-H Corporation (appellants) appeal an order of the trial court granting partial summary judgment in favor of Arnold P. McIlwain in his action to enforce the provisions of an employment contract. The primary issues in this appeal are: (1) the jurisdiction of this court to review the order granting partial summary judgment, (2) the jurisdiction of the circuit court to decide Count I of McIlwain's amended complaint, and (3) the propriety of the circuit court's award of specific performance. We affirm.
The employment contract which is the subject of this appeal indicates that McIlwain was employed as Executive Vice President of Maritime Operations of Fruehauf Corporation (now K-H), to serve as president and chief executive officer of Jacksonville Shipyards, Inc. Under the general provisions of the contract, in the event of a change of control of the company and McIlwain's termination other than for cause, McIlwain would be entitled to substantial benefits and compensation as set forth in paragraph 4(iv) of the contract.
The employment contract further provided that if McIlwain were terminated for cause, he could contest the termination by filing a notice of dispute within thirty days of receipt of the notice of termination, and by pursuing the dispute with reasonable diligence and in good faith. With a diligent, good faith termination dispute, the date of termination would be extended until the date the dispute was finally determined. Under the contract, during the pendency of a dispute, McIlwain would continue to receive "full compensation in effect when the notice giving rise to the dispute was given (including but not limited to, base salary and installments under any bonus or incentive compensation plan) and continue ... as a participant in all compensation, benefit and insurance plans" in which he was participating when the notice giving rise to the dispute was given, until the dispute was resolved. Upon a final determination that McIlwain's termination was for cause, the contract terms required him to "remit to the company the amount of any cash payments and the value of any non-cash benefits paid pursuant to this Subsection to which [he] would not otherwise have been entitled." The dispute resolution provision of the contract states:
Any dispute or controversy arising under or in connection with this Agreement shall be settled exclusively by arbitration in Detroit, Michigan in accordance with the rules of the American Arbitration Association then in effect. Judgment may be entered on the arbitrator's award in any court having jurisdiction; provided, however, that you shall be entitled to specific performance of your right to be paid until the Date of Termination during the pendency of any dispute or controversy arising under or in connection with this Agreement. The Company acknowledges that, because payment in accordance with such right to be paid may constitute your sole means of support, money damages paid at a later date as the result of arbitration hereunder will not constitute an adequate remedy for failure to make such payment. (Emphasis supplied.)
In 1989, Terex Trailer bought Jacksonville Shipyards from K-H, and assumed the obligations under the employment contract. On December 7, 1989, Terex Trailer notified McIlwain that he was being terminated for cause. On December 29, 1989, McIlwain gave notice that a dispute existed concerning his termination. McIlwain's initial complaint, filed January 22, 1990, sought specific performance of the contract provision calling for payment of his compensation after a disputed termination, and a mandatory injunction to enforce payment of compensation and benefits until resolution of the employment dispute. Appellants responded with affirmative defenses and a counterclaim.
*240 Subsequently, McIlwain filed an amended four-count complaint by stipulation of the parties. The amended complaint again sought specific performance to compel appellants to pay McIlwain his full compensation in effect at the time of notice of termination, a mandatory injunction to require appellants to continue payment of full compensation and other benefits during pendency of the employment dispute, specific performance of the parachute provisions of the contract, and damages for breach of those provisions. Appellants then responded with an answer, affirmative defenses, and counterclaim.
Thereafter, McIlwain filed a motion for partial summary judgment as to Counts I and II of the amended complaint. The motion alleged that, under the provisions of paragraph 3(d) of the contract, appellants were obligated to continue to pay McIlwain his full compensation during the pendency of the dispute. The motion further alleged that, as of November 27, 1989, when notice of termination was given, appellants ceased paying McIlwain his full compensation and benefits. Paragraph eight of the motion stated that since the defendants had not raised affirmative defenses which would legally defeat McIlwain's claim as set forth in Counts I and II of the amended complaint, he was entitled to the relief sought.
On September 4, 1990, the trial court entered the order granting partial summary judgment which is challenged in this appeal. As set forth in the order, the trial court found that McIlwain had pursued resolution of the dispute with reasonable diligence, and that defendants (appellants herein) had waived the arbitration provision for resolution of the termination dispute, which waiver was admitted in their answer to the amended complaint. The trial court rejected appellants' contentions that the existence of their affirmative defenses in the absence of affidavits contradicting them would preclude the entry of summary judgment, finding that appellants' affirmative defenses were inapplicable to the action for specific performance in Count I, in that such defenses went to the propriety of McIlwain's termination, and not to his entitlement to compensation during the pendency of the dispute. Accordingly, the trial court decreed specific performance of the termination dispute provision of the employment contract, requiring Terex Trailer and K-H to perform in accordance with the contract by continuing to pay McIlwain his full compensation from the date the notice giving rise to the dispute was given, including base salary and installments under any bonus or incentive compensation plan, and continuing McIlwain as a participant in all compensation, benefit, and insurance plans, until the dispute concerning his termination was finally resolved. The trial court further directed appellants to pay McIlwain all such past due base salary and other compensation benefits due as of and since December 7, 1989.
First, we consider and reject McIlwain's contention that this court lacks jurisdiction, or should decline to exercise jurisdiction, to review this case. The parameters of appellate jurisdiction to review non-final orders are set forth in Florida Rules of Appellate Procedure 9.130(a)(3) which provides in pertinent part:
(3) Review of non-final orders of lower tribunals is limited to those which:
.....
(B) grant, continue, modify, deny or dissolve injunctions, or refuse to modify or dissolve injunctions;
(C) determine:
.....
(ii) right to immediate possession of property; ...
An appellate court has broad authority to review nonfinal orders concerning injunctive relief, even extending to orders subject to characterization as an order "in the nature of a mandatory injunction under Fla. R.App.P. 9.130(a)(3)(B)." Seigle v. Barry, 422 So.2d 63, 64 (Fla. 4th DCA 1982), review denied, 431 So.2d 988 (Fla. 1983). See also City of St. Petersburg v. Competition Sails, Inc., 449 So.2d 852 (Fla. 2d DCA 1984); Allstate Ins. Co. v. Arvida, 421 So.2d 741, 742 (Fla. 4th DCA 1982); Padovano, Florida Appellate Practice, § 18.5 (1988).
*241 Similarly, there is broad authority to review non-final orders determining the right to immediate possession of property, under rule 9.130(a)(3)(C)(ii). The rule has been applied to real and personal property, and to determine the status of a fund of money. Urich & Shenkman, P.A. v. Horizon Ins. Co., 491 So.2d 1195 (Fla. 1st DCA 1986); Smith v. Daniel Mones, P.A., 458 So.2d 796 (Fla. 3d DCA 1984).
We construe the order granting partial summary judgment in this case as a temporary mandatory injunction. Therefore, this court has jurisdiction under Florida Rule of Appellate Procedure 9.130(a)(3)(B).
Turning to the question of the jurisdiction of the trial court to rule upon McIlwain's amended complaint, appellants assert that the partial summary judgment ordering specific performance of the employment contract was beyond the equitable jurisdiction of the circuit court. Appellants do not contest the general equitable jurisdiction of the circuit court, and indeed they could not do so. By constitution and statute, the circuit courts of Florida are vested with exclusive equity jurisdiction. Art. V, § 5(b), Fla. Const. (1972); § 26.012(2)(c), Fla. Stat. (1989); English v. McCray, 348 So.2d 293, 298 (Fla. 1977), citing State ex rel. B.F. Goodrich Co., et al. v. Trammell, et al., 140 Fla. 500, 192 So. 175 (1939).
One of the general rules associated with equity is that equity will not entertain jurisdiction where the law affords an adequate remedy, for to do so would interfere with the valuable right to a jury trial. Vagabond Travel & Tours, Inc. v. Universal Inns, 440 So.2d 482 (Fla. 2d DCA 1983); City of Cocoa v. Sullivan Packing Co., 167 So.2d 750, 752-753 (Fla. 2d DCA 1964); 22 Fla.Jur.2d, Equity § 20 (1980). Another general principle is that ordinarily the equitable remedy of specific performance is not available to enforce an employment contract. The rationale for this rule is that such agreements lack the mutuality of remedy and obligation which would make specific performance an appropriate form of relief. Seaescape Ltd., Inc. v. Maximum Marketing Exposure, Inc., 568 So.2d 952, 954 (Fla. 3d DCA 1990); Burger Chef Systems, Inc. v. Burger Chef of Florida, Inc., 317 So.2d 795, 797 (Fla. 4th DCA 1975), cert. denied, 334 So.2d 603 (Fla. 1976); Montgomery Pipe & Tube Co. of Florida v. Mann, 205 So.2d 660, 662 (Fla. 3d DCA 1968). In a related vein, it is well settled that jurisdiction of the subject matter cannot be conferred by agreement of the parties. Winn & Lovett Grocery Co. v. Luke, 156 Fla. 638, 24 So.2d 310 (1945); In Interest of A.W., 230 So.2d 200, 202 (Fla. 1st DCA 1970); George Vining & Sons, Inc. v. Jones, 498 So.2d 695, 697 (Fla. 5th DCA 1986).
In the instant case, McIlwain's motion for partial summary judgment did not seek enforcement of the employment contract as such. Rather, the motion sought enforcement of paragraph 3(v), which provided that if McIlwain timely contested the termination of his employment for cause, the company would pay his full salary and benefits until resolution of the termination dispute. The contract expressly stated that McIlwain would "be entitled to specific performance of [his] right to be paid ... during the pendency of any dispute or controversy arising under or in connection with this Agreement," and that money damages paid at a later date would not constitute an adequate remedy.
We have concluded that the equity jurisdiction of the trial court was properly invoked. In this regard, appellants' reliance on George Vining & Sons, Inc. v. Jones is misplaced. In George Vining & Sons, the parties to a law action for damages for breach of contract relating to a roof, "settled" the case by entering into a stipulation in which the defendant agreed to put a new roof on the house, and sought validation of the stipulation by having the trial court enter a final judgment thereon. A subsequent appeal from a ruling on a petition to enforce the stipulation was dismissed, because the court's basic subject matter jurisdiction, as invoked by the original pleadings, was the power and authority to award or to deny a judgment for money damages for breach of contract. In contrast, in this *242 case, the court's basic subject matter jurisdiction, as invoked by the original pleadings, was the power and authority of the court to order the specific performance to which the parties expressly agreed in an arms length transaction. Moreover, the parties recognized in their agreement that damages would be inadequate to compensate McIlwain for loss of such benefits as health insurance and reservation of retirement benefits, and indeed appellants concede as much.
The general prohibition against enforcement of employment contracts by specific performance is not applicable in the narrow circumstances of this case. The partial summary judgment in this case does not purport to enforce an employment contract as such. Instead, it operates as a temporary mandatory injunction to secure the continued payment of McIlwain's compensation and benefits during the pendency of the termination dispute.
The third issue concerns the propriety of the award of partial summary judgment to enforce the contracted-for remedies during the pendency of the termination dispute. At the outset, it is well settled that "[t]he granting or withholding of specific performance and the application of the clean hands doctrine are questions for the lower court whose determination and discretion will not be disturbed unless clearly erroneous." Kauffmann v. Baker, 392 So.2d 13 (Fla. 4th DCA 1980), citing Roberts v. Roberts, 84 So.2d 717 (Fla. 1956). Review of an order granting summary judgment involves (1) a determination as to the propriety of summary judgment, and (2) the correctness of the decision on the merits. Padovano, Florida Appellate Practice, § 5.4B (Supp. 1990). In this case, appellants do not challenge the propriety of the grant of summary judgment. Rather, they contest the correctness of the grant of specific performance.
The construction of a contract, including an appropriate remedy in the event of breach, is governed by the intention of the parties. Hughes v. Professional Insurance Corp., 140 So.2d 340, 345 (Fla. 1st DCA), cert. denied, 146 So.2d 377 (Fla. 1962). Where the language of the agreement is clear and unambiguous, the court cannot give it any meaning beyond that expressed. Peeples Construction Co. v. Escoe Green, Inc., 522 So.2d 493 (Fla. 1st DCA 1988); Bay Management, Inc. v. Beau Monde, Inc., 366 So.2d 788 (Fla. 2d DCA 1978). The parties' intention will be determined first from the language used, second, from the apparent objects to be accomplished, other provisions in the agreement, and the surrounding circumstances when the agreement was entered into. J & S Coin Operated Machines, Inc. v. Gottlieb, 362 So.2d 38, 39 (Fla. 3d DCA 1978). Parties to a contract may agree to limit their remedies, and those remedies need not be the same, although contract provisions will not be enforced unless they are reasonable. Ocean Dunes of Hutchinson v. Colangelo, 463 So.2d 437, 439 (Fla. 4th DCA 1985). Absent an express restriction to the contrary, a trial court has authority, in appropriate circumstances, to order specific performance of a contract as requested by the victim of a breach. Black v. Frank, 176 So.2d 113 (Fla. 1st DCA 1965); Ocean Dunes of Hutchinson v. Colangelo, 463 So.2d at 438.
In looking to the reasonableness of a contract, mutuality of obligation and remedy must exist for specific performance as an appropriate form of relief. Parker v. Weiss, 404 So.2d 820, 821 (Fla. 1st DCA 1981), review denied, 412 So.2d 468 (Fla. 1982); Burger Chef Systems, Inc. v. Burger Chef of Fla., Inc., 317 So.2d 795, 797 (Fla. 4th DCA 1975), cert. denied, 334 So.2d 603 (Fla. 1976). Mutuality of obligation pertains to consideration; mutuality of remedy pertains to enforcement. Bacon v. Karr, 139 So.2d 166, 169 (Fla. 2d DCA 1962). Under Florida law, mutual obligation is essential, but the means of enforcement may differ without necessarily affecting the reciprocal obligations of the parties. Id., at 169.
Under the express terms of the agreement in this case, the parties are mutually obligated. The company is obligated to pay McIlwain interim compensation and benefits during the pendency of the termination *243 dispute. To obtain such compensation and benefits, McIlwain is obligated to file a timely notice of a good faith dispute of the termination, and to pursue resolution of the dispute with reasonable diligence. Similarly, by their agreement, the parties have mutual remedies. McIlwain is to be afforded a continuation of his salary, benefits, and insurance coverage until resolution of the dispute. Concomitantly, the company is assured of recoupment of all amounts paid to McIlwain to which he is not otherwise entitled.
In ordering specific performance of McIlwain's right to be paid during the pendency of the dispute, the trial court gave effect to the clear, unambiguous terms of the parties' agreement which set forth the intention of the parties. The clear language of the agreement recognized that McIlwain would not have an adequate remedy at law. The parties were free to specify their remedies in the event of McIlwain's termination and an attendant dispute, and the agreedupon remedies were reasonable, thus enforceable. See Ocean Dunes, 463 So.2d at 439.
In essence, the partial summary judgment in this case operated as a temporary mandatory injunction, which gave effect to the clear, unambiguous terms of the parties' agreement. This court issued an order directing McIlwain to post a sufficient bond to secure appellants' contractual right to reimbursement should the termination be ruled a termination for cause. Such requirement for bond is implicit in the provision for recoupment, and is consistent with the injunctive nature of the challenged partial summary judgment.
Accordingly, the grant of partial summary judgment is AFFIRMED.
ERVIN and MINER, JJ., concur.