PER CURIAM.
An affidavit of the injured employee of the subcontractor which averred “[tjhat to [his] knowledge” he was not a statutory employee of the contractor, was not sufficient competent evidence to counter the affidavits of the parties to the service contract. Thompson v. Citizens Nat’l Bank, 433 So.2d 32 (Fla. 5th DCA 1983); Campbell v. Salman, 384 So.2d 1331 (Fla. 3d DCA 1980); Fla.R.Civ.P. 1.510(e). Further, unambiguous language in the contract itself showed conclusively that the appellee was the statutory employee of the contractor. Tampa Port Auth. v. Tampa Barge Servs., Inc., 463 So.2d 557 (Fla. 2d DCA 1985). The contractor, as the statutory employer of an injured worker who was covered by workers’ compensation insurance, was entitled to a summary judgment on its immunity defense. Section 440.11(1), Fla.Stat. (1991); Motchkavitz v. L. C. Boggs Indus., Inc., 407 So.2d 910, 913 (Fla.1981) (a contractor is immune from suit by an employee of a subcontractor).[1]
Reversed and remanded for further consistent proceedings.

. Florida Rule of Appellate Procedure 9.130(a)(3)(C)(vi) gives us jurisdiction to review a non-final order finding that a party is not entitled to workers’ compensation immunity as a matter of law.