981 So.2d 1 (2007)
Woodie H. THOMAS, III, Appellant,
v.
VISION I HOMEOWNERS ASSOCIATION, Appellee.
No. 4D06-16.
District Court of Appeal of Florida, Fourth District.
May 16, 2007.
Woodie H. Thomas, III, of Woodie H. Thomas, III, P.A., Palm Beach Gardens, pro se.
David A. Core of St. John, Core & Lemme, P.A., West Palm Beach, for appellee.
POLEN, J.
Appellant Woodie H. Thomas appeals the trial court's final judgment in favor of Appellee, Vision I Homeowners Association (the Association). The Association brought an action against Thomas for non-payment of assessments as well as failure to pay for roofing repairs. The Association had levied assessments against the homeowners for payment of a loan it had taken out to pay for sidewalk repairs and improvements and had paid for Thomas's roof repairs when he did not pay the contractor. Thomas argued at trial that the Association did not follow the governing documents with regard to acquiring the loan for repairs and improvements and with regard to levying assessments to pay for these expenses. Following a bench trial, the trial court determined the evidence showed the assessments levied by the Association, both for improvements and for payment of the loans, were valid. The trial court awarded money damages and attorneys' fees and costs to the Association. We affirm.
*2 The trial court's factual findings are reviewed using a competent and substantial evidence standard. Houlihan's Restaurants, Inc. v. APAC-Florida, Inc., 911 So.2d 816, 818 (Fla. 1st DCA 2005). "The constitution and by-laws of a voluntary association, when subscribed or assented to by the members, becomes a contract between each member and the association." Qadri v. PointDirex, L.L.C., 823 So.2d 861, 863 (Fla. 5th DCA 2002). "We review de novo the trial court's interpretation of a contract. Interpretation of a contract is a question of law, and an appellate court may reach a construction contrary to that of the trial court." Whitley v. Royal Trails Prop. Owners' Ass'n, 910 So.2d 381, 385 (Fla. 5th DCA 2005). "Generally, the intentions of the parties to a contract govern its construction and interpretation. When determining intent, the best evidence is the plain language of the contract." Royal Oak Landing Homeowner's Ass'n v. Pelletier, 620 So.2d 786, 788 (Fla. 4th DCA 1993).
After careful review of the governing documents, the record below and the parties' briefs on appeal, we find the trial court correctly determined that the Association properly followed the governing documents in taking the contested actions. We find Thomas's arguments to be unpersuasive and affirm the trial court's ruling.
GUNTHER and HAZOURI, JJ., concur.