SALTER, J.
 

 A condominium developer, First Equitable, appeals one aspect of a declaratory judgment
 
 [1]
 
 in favor of the appellee, Grand-view Palace Condominium Association. We affirm the trial court’s ruling for each of two independently sufficient reasons.
 

 The Commercial Units
 

 The dispute between the parties involves a portion of the amended declaration of condominium dealing with certain “commercial units.” At the discretion of First Equitable, these units could be (1) developed into retail or other commercial uses and “transferred, conveyed, leased or disposed of without the consent of the Association,” (2) converted into “limited common element parking area,” or (3) conveyed to the Association, in which event the Association “shall be obliged to accept same.”
 
 [2]
 
 Under the second of these options, “the parking spaces located within the boundaries of the [converted] commercial spaces will be assigned to [First Equitable].” Under the third option, the conveyance of a commercial unit to the Association carried with it the transfer to the Association of the common expense and common elements relating to the unit, and “dues previously paid for un-built commercial units or portions thereof which do not exist at the time of conveyance will be returned to [First Equitable].” These three options were not expressly declared to be mutually exclusive, although it is evident that development and sale of a commercial unit into retail space under the first option would be inconsistent with conversion of the unit into limited common element parking area.
 

 The Deed
 

 Shortly before turnover of control of the Association to the unit owners, First Equitable executed a warranty deed, later recorded, conveying three of the commercial units to the Association. When the deed was signed and recorded, those commercial units had not been developed or converted into parking spaces. The deed identified the commercial units by number, “according to the Declaration of Condominium thereof as recorded in [Official Records Book and Page].”
 
 [3]
 
 The deed included the customary provision, “together with all the tenements, hereditaments, and appurtenances thereto belonging or in anywise appertaining,” conveyed a fee simple interest, and warranted that the units were owned and conveyed by First Equitable “free of all encumbrances except those accruing subsequent to December 31, 2007.”
 

 When the three commercial units were conveyed, First Equitable reimbursed itself approximately $38,000 in prior maintenance payments attributable to the units. First Equitable asserted, however, that it retained a contingent right under the 2007 amendment to the declaration to be assigned any parking spaces “within the boundaries of the commercial spaces” in
 
 *1090
 
 the event the Association were to later convert the three commercial units into parking spaces.
 

 The Association denied that any such right was retained by First Equitable and filed a declaratory judgment action to resolve that question (among others). The trial court found that the fee simple deed transferred all of First Equitable’s rights in the three commercial units to the Association, including any contingent rights to parking spaces created within the boundaries of those units. This appeal followed.
 
 Analysis
 

 We review the trial court’s interpretation of the declaration of condominium and the deed de novo.
 
 Thomas v. Vision I Homeowners Ass’n,
 
 981 So.2d 1, 2 (Fla. 4th DCA 2007). The trial court’s conclusion was correct for two independently sufficient reasons.
 

 First, the right retained by First Equitable as developer in the amendment to Article XXV was a contingent right that had not been exercised at the time the commercial units were conveyed. Under the amendment, First Equitable’s right to be assigned parking spaces within the boundaries of the units would have arisen only “in the event” First Equitable had already converted unbuilt commercial spaces into limited common element parking area. That event and conversion had not occurred at the time First Equitable conveyed all its rights in the units to the Association. The language suggests a choice by First Equitable itself (“in the event
 
 the developer chooses
 
 ”) rather than a later choice to convert the unbuilt spaces by the developer’s grantee. The reservation of a future right to be assigned parking spaces
 
 after
 
 the developer’s
 
 conveyance
 
 of the commercial units might have been memorialized by the use of appropriate language to that effect in the amendment and deed, but that was not done in either document.
 

 Second, the language in the warranty deed warranted that the conveyance to the Association was in fee simple, inclusive of all rights appurtenant to the three units, and “free of all encumbrances except those accruing subsequent to December 31, 2007.” Even if the amendment to the declaration is read to reserve a
 
 future
 
 right to parking spaces upon the contingent conversion of the units into parking area (though, as noted above, that argument fails), the amendment itself is a purported encumbrance accruing before December 31, 2007. The amendment was adopted and recorded before that date. The deed expressly disclaims, therefore, the existence or effectiveness of any such retained right.
 

 For these reasons, the declaratory order appealed by First Equitable is affirmed.
 

 [1]
 

 . Although the declaratory judgment action was not completely adjudicated, the order under review addressed immediate rights to property under a warranty deed. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(C)(ii).
 

 [2]
 

 . Amended Declaration, Article XXV. The second of the three options was added by amendment adopted and recorded in December 2007 before First Equitable turned over the Association to the condominium unit owners.
 

 [3]
 

 .This reference was to the declaration as recorded in 2003, and did not include a reference to the amendments recorded in 2007.