STEVENSON, J.
Gregory K. Talbott, the would-be buyer in a contract for the sale of real property, appeals a $1,475,000 judgment in favor of the would-be seller, The Atlantic Land Company (Atlantic), which was entered after Talbott failed to specifically perform the contract as ordered by the trial court. The order requiring specific performance and the judgment in favor of Atlantic were precipitated by an order of summary judgment, where the trial court found that the relevant provisions of the sale contract were unambiguous and that Talbott had breached the contract by failing to accept Atlantic’s notice of closing. Because we cannot agree that the contract was unambiguous, we reverse the order of summary judgment and the orders that followed.
On June 1, 2007, Talbott entered into a contract to purchase real property from Atlantic. An addendum to the contract was executed on June 13, 2007. The addendum requires that Talbott pay deposits totaling $200,000 and sets forth a schedule of payments. The addendum’s payment schedule requires that Talbott make an initial deposit payment of $10,000 on June 1, 2007, requires monthly deposit payments of $25,000 thereafter, and concludes with a $75,000 payment due on or before *245 November 15, 2007. With regard to closing, the addendum provides as follows:
3. CLOSING DATE. The Closing Date shall be set by Buyer giving Seller 30 days written notice of the Closing. Notwithstanding the foregoing, Seller may require the Closing to occur at any time on or after October 31, 2007 by giving 120 days written notice to Buyer. Buyer and Seller shall provide closing instructions, if any, within 15 days of the Closing Date.
On August 30, 2007, Atlantic delivered to Talbott a written “Notice to Close,” setting a closing date of January 2, 2008— 124 days from August 30, 2007. Talbott rejected the notice, taking the position that, under the contract, Atlantic could not give notice to close until after October 31, 2007, and that the earliest possible closing date that could be set by Atlantic was March 1, 2008-120 days from October 31, 2007. Atlantic insisted that, under the plain and unambiguous language of the contract, it could send a notice to close at any time so long as the designated closing date was both 120 days from the notice and after October 31, 2007. The litigation that gave rise to this appeal followed. The trial court found that the contract was clear and unambiguous, accepting the construction advanced by Atlantic, and that Talbott had breached the contract by rejecting Atlantic’s notice to close.
When the language of a contract is clear and unambiguous, courts must give effect to the contract as written and cannot engage in interpretation or construction as the plain language is the best evidence of the parties’ intent. See, e.g., Khosrow Maleki, P.A. v. M.A. Hajianpour, M.D., P.A., 771 So.2d 628, 631 (Fla. 4th DCA 2000). Where, however, a contract term is susceptible to more than one reasonable interpretation, extrinsic evidence may be considered by the court to ascertain the intent of the parties. See Murley v. Wiedamann, 25 So.3d 27, 30 (Fla. 2d DCA 2009), review denied, 36 So.3d 657 (Fla.2010). When a contract is ambiguous, an issue of fact is created that cannot be resolved by summary judgment. See Soncoast Cmty. Church of Boca Raton, Inc. v. Travis Boating Ctr. of Fla., Inc., 981 So.2d 654, 655 (Fla. 4th DCA 2008). Whether a contract is ambiguous is a question of law. See, e.g., Detroit Diesel Corp. v. Atl. Mut. Ins. Co., 18 So.3d 618, 620 (Fla. 4th DCA 2009).
A contract should be read as a whole. See Discover Prop. & Cas. Ins. Co. v. Beach Cars of W. Palm, Inc., 929 So.2d 729, 732 (Fla. 4th DCA 2006). Troubling is the addendum’s.language providing that the seller “may require the Closing to occur at any time on or after October 31, 2007 by giving 120 days written notice” when considered in light of the fact that the final deposit on the contract was not due until November 15, 2007. Atlantic’s interpretation could have required a closing prior to the due date of the final deposit; a plausible, but hardly unambiguous intention of the addendum’s language. We thus find that the interpretation advanced by each party is plausible and that the contract is ambiguous as to whether Atlantic could tender a notice of closing prior to October 31, 2007, and schedule a closing date prior to March 1, 2008. See Soncoast Cmty., 981 So.2d at 656 (“‘Whether a document is ambiguous depends upon whether it is reasonably susceptible to more than one interpretation.’”) (quoting Lambert v. Berkley S. Condo. Ass’n, 680 So.2d 588, 590 (Fla. 4th DCA 1996)). Accordingly, we reverse the order of summary judgment and the orders that followed, remanding the matter to the trial court for the taking and consid *246 eration of extrinsic evidence concerning the parties’ intent.

Reversed and Remanded.

GROSS, C.J., and GERBER, J., concur.