**ESYS LATIN AMERICA, INC., Plaintiff,**

v.

**INTEL CORPORATION, Defendant.**

**Case No. 12–22265–CIV.**

United States District Court, S.D. Florida.

Feb. 26, 2013.

Bennett Gordon Feldman, Coral Gables, FL, Plaintiff.

Aaron Stenzler Weiss, Charles Martin Rosenberg, Carlton Fields, Miami, FL, Joseph Kattan, Gibson, Dunn & Crutcher, LLP, Washington, DC, Robert C. Walters, Gibson, Dunn & Drutcher, LLP, Dallas, TX, for Defendant.

### ORDER

CECILIA M. ALTONAGA, District Judge.

**THIS CAUSE** comes before the Court on Defendant, Intel Corporation's ("Intel['s]") Motion for Judgment on the Pleadings Pursuant to Rule 12(c) ("Motion") [ECF No. 28], filed on January 14, 2013. Plaintiff, Esys Latin America, Inc. ("Esys"), filed a Complaint [ECF No. 1] on June 18, 2012. In an Order dated August 28, 2012 ("August 28 Order") [ECF No. 22], the Court dismissed Count One of the two-count, breach of contract Complaint. Intel now moves for judgment on the pleadings as to the remaining count of the Complaint. (*See* Mot. 1). Esys filed a Response . . . ("Response") [ECF No. 31] to the Motion on January 30, 2013, to which Intel replied ("Reply") [ECF No. 36] on February 11, 2013. The Court has carefully considered the parties' written submissions and applicable law.

### I. BACKGROUND [1]

This case involves a dispute between a manufacturer and a distributor over a non-disclosure agreement. Esys, the distributor, is a Florida corporation with its principal place of business in Miami, Florida. (*See* Compl. ¶ 1). Intel, the manufacturer, is a Delaware corporation with offices in California and a Registered Agent in Dover, Delaware. (*See id.* ¶ 2). The events underlying the dispute, as alleged by Esys, are as follows.

On March 13, 2002, Intel entered into a Latin America Distribution Agreement (the "Distribution Agreement") [ECF No. 1–4] with Microtel International, Inc. ("Microtel"), under which Microtel would distribute Intel products in Miami and throughout Latin America. (*See* Compl. ¶ 5). On April 3, 2002, Microtel and Intel entered into Corporate Non–Disclosure Agreement No. 2369823 (the "Microtel–Intel Non–Disclosure Agreement" or "Agreement") [ECF No. 1–5] to protect Microtel and Intel from divulging confidential, proprietary, and trade secret information. (*See* Compl. ¶ 7).

In 2004, Microtel, with the consent of Intel, assigned the Distribution Agreement and Microtel–Intel Non–Disclosure Agreement [2] (collectively "Agreements") to Esys.

---

**1.** The allegations of the Complaint are taken as true, and relevant portions of the Background section are reproduced from the Court's August 28 Order dismissing Count I of the Complaint.

**2.** Esys's allegation that both the Distribution Agreement and Microtel–Intel Non–Disclosure Agreement were assigned to it, is disputed by Intel, and will be addressed in the Discussion section.

(*See id.* ¶ 8). Esys began performing under the Agreements, and Esys and Intel initially enjoyed good business relations. (*See id.* ¶ 9). Esys invested significant resources and hired a team of trained employees to support Intel's products and to expand sales efforts. (*See id.* ¶ 10). In accordance with the Agreements, Esys sent Intel weekly sales reports and a record of its entire customer database, including names and contact information. (*See id.* ¶ 11).

On April 4, 2007, Intel notified Esys of its intention to terminate the Distribution Agreement. (*See id.* ¶ 14). Upon termination of the Distribution Agreement, Intel stopped shipping products to Esys and initiated a program of selling directly to Esys's customers, using the names and contacts of the customers that were originally provided by Esys pursuant to the Microtel–Intel Non–Disclosure Agreement. (*See id.* ¶ 14). Intel also disseminated confidential data of Esys to other distributors, who in turn contacted and sold products to Esys's customers. (*See id.* ¶ 31). Intel continues to engage in a campaign of using the confidential information obtained from Esys to establish new distributors and to sell to Esys's customers. (*See id.* ¶ 34). As a result, Esys was unable to retain its customers and suffered financial losses, which ultimately put Esys out of business. (*See id.* ¶ 15). In its Answer, Intel generally denied all of these allegations. (*See* Answer ¶¶ 14, 15, 31, 34 [ECF No. 25] ).

Approximately five years after Intel terminated the Agreements, Esys filed the Complaint, which contained two breach-of-contract claims. (*See* Compl. ¶¶ 18–35). Only the "Breach of Corporate Non–Disclosure Agreement" count remains. (*See id.* ¶¶ 27–35; August 28 Order 8, 13). In the "Breach of Non–Disclosure Agreement" count, Esys alleges Intel improperly used and disseminated Esys's confidential customer database in violation of the Mi-

crotel–Intel Non–Disclosure Agreement. (*See* Compl. ¶¶ 27–35). Intel now moves for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), arguing Esys "was not a party to the [Microtel–Intel Non–Disclosure Agreement] that it alleges Intel breached, and so there is no set of facts that would entitle [Esys] to relief on its sole remaining cause of action." (Mot. 5).

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(c) "after the pleadings are closed—but early enough not to delay trial—a party may move for judgment on the pleadings." FED.R.CIV.P. 12(c). " 'Judgment on the pleadings is appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law.' " *Palmer & Cay, Inc. v. Marsh & McLennan Cos., Inc.*, 404 F.3d 1297, 1303 (11th Cir.2005) (quoting *Riccard v. Prudential Ins. Co.*, 307 F.3d 1277, 1291 (11th Cir.2002)). The standard of review for a motion for judgment on the pleadings is "almost identical to that used to decide motions to dismiss." *Doe v. Bd. of Cnty. Comm'rs*, 815 F.Supp. 1448, 1449 (S.D.Fla.1992) (citing *Miami Herald Pub. Co. v. Ferre*, 636 F.Supp. 970, 974 (S.D.Fla.1985)). Judgment on the pleadings should be granted where "there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Scott v. Taylor*, 405 F.3d 1251, 1253 (11th Cir.2005) (citing *Cannon v. City of W. Palm Beach*, 250 F.3d 1299, 1301 (11th Cir.2001)). In ruling on the motion, "[a]ll facts alleged in the complaint must be accepted as true and viewed in the light most favorable to the nonmoving party." *Id.*

## III. DISCUSSION

Intel asserts Esys may not sue for breach of the Microtel–Intel Non–Disclo-

sure Agreement as it is neither a party nor an assignee to the Agreement. Intel primarily offers two amendments to the Microtel–Intel Non–Disclosure Agreement and argues they conclusively establish the Microtel–Intel Non–Disclosure Agreement was never assigned from Microtel to Esys. (*See* Mot. 6–7). Although neither Amendment is attached to the Complaint, Intel maintains the Court may properly·consider such documents. (*See id.* 5–6). The Court must first decide whether these amendments are properly considered by the Court in ruling on a Rule 12(c) motion for judgment on the pleadings, before determining whether Esys has standing to maintain an action against Intel under the Microtel–Intel Non–Disclosure Agreement.

◼ "[I]f an attachment to an answer is a 'written instrument,' it is part of the pleadings and can be considered on a Rule 12(c) motion for judgment on the pleadings without the motion being converted to one for summary judgment." *Horsley v. Feldt,* 304 F.3d 1125, 1134 (11th Cir.2002) (alterations in original) (citations omitted). This doctrine, known as the "incorporation by reference doctrine" in the Rule 12(b)(6) context, applies in "Rule 12(c) cases as well." *Id.* Thereunder, "a document attached to a motion . . . may be considered by the court without converting the motion into one for summary judgment only if the attached document is: (1) central to the plaintiff's claim; and (2) undisputed." *Id.* (citation omitted). ·"Undisputed in this context means that the authenticity of the document is not challenged." *Id.* (citations and internal quotation marks omitted); *see also Day v. Taylor,* 400 F.3d 1272, 1276 (11th Cir.2005) ("Our prior decisions also make clear that a document need not be physically attached to a pleading to be incorporated by reference into it; if the document's contents are alleged in a complaint and no party questions those contents, we may ·consider such a document provided it meets the centrality require-

ment imposed· in *Horsley.*" (citations omitted)).

The Distribution Agreement (*see* Compl. Ex. 4 [ECF No. 1–4] ), the Microtel–Intel Non–Disclosure Agreement (*see id.* Ex. 5 [ECF No. 1–5] ), and a list of "Territory, Location, Products, and Affiliates" (*see id.* Ex. 6 [ECF No. 1–6] ), are attached to the Complaint. Intel attaches five additional exhibits to its Motion, including Amendatory Agreement Nr. 2 to Latin America Distribution Agreement (the "Second Amendment"), assigning the Distribution Agreement from Microtel to Esys on April 29, 2005 (*see* Mot. Ex. 2 [ECF No. 28–2] ). The other four documents include two additional amendments to the Distribution Agreement, and two separate non-disclosure agreements. (*See id.* Exs. 1, 3–5 [ECF Nos. 28–1, 28–3 to 28–5] ). Esys attaches a Declaration of the Chairman and Managing Director of Esys Distribution PTE Ltd and Esys Technologies PTE Ltd to its Response. (*See* Resp. Ex. 1 [ECF No. 31–1] ).

Intel argues the Court can properly consider the Motion's attachments as they are central to Esys's claim and indisputably amend the Distribution Agreement. (*See* Mot. 5–6). Esys does not challenge the attachments and even incorporates them into its Response.

◼ In this case, the Second Amendment assigning the Distribution Agreement is, at the very least, central to Esys's breach of contract claim against Intel and no party disputes the authenticity of the written instrument. Esys alleges both the Distribution Agreement and Microtel–Intel Non–Disclosure Agreement were assigned to it (*see* Compl. ¶ 8), and the Second Amendment attached by Intel to its Motion serves as the written instrument effectuating the purported assignment. Therefore, the Court will consider this document as incorporated by reference, but finds the

other documents are unnecessary to resolve the present Motion.[3]

Having concluded the Court may consider the Second Amendment to the Distribution Agreement, the Court next turns to Intel's argument that Esys lacks standing to bring the remaining breach of contract claim as it is neither a party to nor an assignee of the Microtel–Intel Non–Disclosure Agreement. (*See* Mot. 6). In response to this argument, Esys maintains "numerous issues of fact[ ]" remain precluding the entry of judgment on the pleadings. (Resp. 5).

 "The construction of a contract is a question of law for the courts to determine where the language used in the written contract is clear, unambiguous, and susceptible of only one interpretation." *Gray v. D & J Indus., Inc.*, 875 So.2d 683, 683 (Fla. 3d DCA 2004) (citations omitted).[4] "Where, however, a contract term is susceptible to more than one reasonable interpretation, extrinsic evidence may be considered by the court to ascertain the intent of the parties." *Talbott v. First Bank Florida, FSB*, 59 So.3d 243, 245 (Fla. 4th DCA 2011) (citation omitted). Thus, "[w]hen a contract is ambiguous, an issue of fact is created," but the initial—and often determinative—inquiry of "[w]hether a contract is ambiguous is a question of law." *Id.* (citations omitted).

3. The Court notes Intel signed a separate non-disclosure agreement with Esys on the same date the Distribution Agreement was assigned by the Second Amendment. (*See* Mot. Ex. 3 [ECF No. 28–3] ). The undersigned does not rely on this additional non-disclosure agreement in reaching a decision here as it was not incorporated into the Complaint, but acknowledges it may support an independent breach of contract action.

4. " 'In diversity cases, a federal court applies the law of the forum in which it sits.' " *Clifford v. Commerce Ins. Co.*, No. 09–21198,

 In interpreting the contract, the undersigned must give the contract "a construction that is reasonable, practical, sensible, and just." *State Farm Mut. Auto. Ins. Co. v. Mashburn*, 15 So.3d 701, 704 (Fla. 1st DCA 2009) (internal quotation marks and citation omitted). Generally, "the plain language of the contract" is the "best evidence" of the parties' intent, and the parties' intent controls the contract's construction and interpretation. *Thomas v. Vision I Homeowners Ass'n*, 981 So.2d 1, 2 (Fla. 4th DCA 2007). Aside from the plain language, the parties' intention can be determined "from the apparent objects to be accomplished, [and] other provisions in the agreement." *Terex Trailer Corp. v. McIlwain*, 579 So.2d 237, 242 (Fla. 1st DCA 1991). As such, " 'the intention of the parties thereto will be ascertained from a consideration of the entire agreement.' " *City Nat. Bank of Miami v. Citibank, N. A.*, 373 So.2d 703, 707 (Fla. 3d DCA 1979) (quoting *Florida v. Wesley Constr. Co.*, 316 F.Supp. 490, 495 (S.D.Fla. 1970)). In this vein, "[i]t is not enough to look to an isolated phrase or paragraph of the contract. All portions of the contract are to be compared and construed with reference to each other." *Id.* (quoting *Wesley Constr. Co.*, 316 F.Supp. at 495).

Here, the Second Amendment assigning the Distribution Agreement from Microtel to Esys provides, in relevant part:

2009 WL 3387737, at *1 (S.D.Fla. Oct. 16, 2009) (quoting *Broyles v. Bayless*, 878 F.2d 1400, 1402 (11th Cir.1989)). As such, Florida law applies to this breach of contract action. *See William Ryan Homes Fla., Inc. v. Whitney Nat. Bank*, No. 8:12–cv–1575–T–33TGW, 2012 WL 4328769, at *2 (M.D.Fla. Sept. 20, 2012) ("Under Florida law, which the Court applies in this diversity case, a plaintiff must assert the existence of … three elements to state a claim for breach of contract."). Neither party disputes the application of Florida law in this matter.

**AMENDATORY AGREEMENT Nr. 2 TO LATIN AMERICA DISTRIBUTION AGREEMENT**

This Amendatory Agreement Nr. 2 ... to Latin America Distribution Agreement made this 29th of April, 2005 by and among **INTEL AMERICAS, INC.** ... and **ESYS LATIN AMERICA, INC.** (hereinafter "Distributor")....

....

**1.0 DEFINITIONS**

....

1.2 All references in the Agreement and this Amendment to "the Agreement", "this Agreement", ... or expression of like meaning shall be references to the Agreement as Amended by the Amendment Nr. 1 and by this Amendment.

**2.0 ASSIGNMENT OF THE AGREEMENT**

....

2.2 Microtel assigns to Distributor and Distributor accepts all Microtel's rights and obligations provided in the Agreement. Thus, the Distributor agrees and undertakes that Distributor will be solely responsible *vis-à-vis* Intel and third parties for current, past and future rights and obligations of Microtel under the Agreement, including but not limited to unpaid debts, audit obligations etc.

....

2.4 As a consequence of the assignment of the Agreement to Distributor, Microtel shall (i) no longer act as an authorize [sic] distributor for Intel products; (ii) immediately cease the use of any and all of Intel's trade names and trademarks; (iii) not disclose any confidential information (business methods, operations, technical information, including products, techniques, trademarks, trade secrets, patents, and know how) to which you had access in connection with the Agreement; (iv) not use this confidential information for its own account or the account of any other third party; (v) be liable and take all steps required to cause its employees, agents, representatives and/or contractors of any and all nature to be bound by the provisions herein; and (iv) be not [sic] longer authorized to accept any warranty returns of products. *The Corporate Non-disclosure Agreement Nr. 2369823 executed between Microtel and Intel remains in full effect.*

(Mot. Ex. 2, at 1–2) (final emphasis added).

 The Second Amendment governs the assignment of the Distribution Agreement from Microtel to Esys. Pursuant to the "DEFINITIONS" provision, any mention of the parties' "Agreement" in the Second Amendment denotes the Distribution Agreement, and the Microtel–Intel Non–Disclosure Agreement is only referenced once in the Second Amendment. In that singular reference, the Second Amendment states "[t]he Corporate Non–Disclosure Agreement Nr. 2369823 executed between Microtel and Intel remains in full effect." (Mot. Ex. 2, at 2). The plain and unambiguous language of this statement indicates the Microtel–Intel Non–Disclosure Agreement is independent of the Distribution Agreement and remains in effect between the two original signatories. Because the "plain language" controls, *Thomas*, 981 So.2d at 2, the Microtel–Intel Non–Disclosure Agreement was not assigned, but rather reaffirmed in the Second Amendment.

Moreover, Provision 2.4 of the Second Amendment deals specifically with the various obligations of Microtel regarding the assignment of the Distribution Agreement. And because it is axiomatic that a phrase should not be viewed in isolation, but rather in context with the other provisions of the agreement, it follows that the parties' reference to the Microtel–Intel Non–Disclosure Agreement was intended to add

another duty to Microtel's other obligations. *See Terex Trailer Corp.*, 579 So.2d at 242; *City Nat. Bank of Miami*, 373 So.2d at 707. This construction of the contract is also "reasonable, practical, sensible, and just," *Mashburn*, 15 So.3d at 704, as Intel would likely intend the obligations imposed in the Microtel–Intel Non–Disclosure Agreement to survive the assignment of the Distribution Agreement and remain ongoing.

Accordingly, pursuant to the unambiguous language of the Second Amendment, the Microtel–Intel Non–Disclosure Agreement was not assigned to Esys. Although Esys alleges the two Agreements were assigned to it (*see* Compl. ¶ 8), the Second Amendment does not support this allegation. *See Griffin Indus., Inc. v. Irvin*, 496 F.3d 1189, 1206 (11th Cir.2007) ("Indeed, when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." (citations omitted)). Esys was not a party to the Microtel–Intel Non–Disclosure Agreement, and under Florida law it cannot bring a breach of contract action premised on such an agreement. *See Intercoastal Realty, Inc. v. Tracy*, 706 F.Supp.2d 1325, 1329 (S.D.Fla.2010) ("Under Florida law, '[a] person who is not a party to a contract may not sue for breach of that contract where that person receives only an incidental or consequential benefit from the contract.'" (quoting *Caretta Trucking, Inc. v. Cheoy Lee Shipyards, Ltd.*, 647 So.2d 1028, 1030–31 (Fla. 4th DCA 1994))). As the Court explains, Esys's arguments to the contrary are unavailing.

Esys maintains the Microtel–Intel Non–Disclosure Agreement was assigned to it and refers to various provisions in the written instruments associated with the assignment to support its claim. First, Esys argues paragraph 21.1 of the Distribution Agreement specifically incorporates the Microtel–Intel Non–Disclosure Agreement. (*See* Resp. 1–2). Esys also refers to paragraph 2.2 of the Second Amendment and argues that it requires Esys to accept all of Microtel's rights and obligations in the Distribution Agreement. (*See* Resp. 2–3). Finally, Esys asserts the language in paragraph 13(f) of the Terms and Conditions of Sale also incorporates the Agreement when it provides confidential information "shall be treated as confidential pursuant to the terms of the applicable [Confidential Non–Disclosure Agreement] between Intel and the Buyer." (Resp. 4 (quoting Decl. Ex. A, at 2 [ECF No. 31–1])).

Paragraph 21 of the Distribution Agreement specifically incorporates the Microtel–Intel Non–Disclosure Agreement and explains it will govern any confidential or proprietary information. However, the language of the Second Amendment explicitly indicates the Microtel–Intel Non–Disclosure Agreement will remain in effect between those two parties. Because the Second Amendment was executed after the Distribution Agreement, it controls over the provision in paragraph 21. *See Brink v. Bank of Am., N.A.*, 811 So.2d 751, 752 (Fla. 1st DCA 2002) ("If there is a plain repugnancy between the provisions of an original contract and those of a supplemental one between the same parties and relating to the same subject matter, the earlier contract must yield to the later as far as the repugnancy extends." (alteration, citation, and internal quotation marks omitted)).

Esys's argument with respect to paragraph 2.2 of the Second Amendment is equally unavailing. Although paragraph 2.2 generally requires Esys to accept all of Microtel's rights and obligations in the Distribution Agreement, the language in paragraph 2.4 asserting the Microtel–Intel Non–Disclosure Agreement "remains in full effect" controls, as it is the more spe-

cific provision. *See Crastvell Trading Ltd. v. Marengere*, 90 So.3d 349, 353 (Fla. 4th DCA 2012) ("It is a well-settled principle of contract law that a contract provision specifically dealing with a particular subject matter controls over a provision generally dealing with that same subject matter." (internal quotation marks and citation omitted)). Additionally, Esys's argument based on paragraph 13(f) of the Terms and Conditions of Sale fails to persuade for the same reason.

Esys additionally argues the Declaration of Vikas Goel ("Declaration"), Chairman and Managing Director of Esys Distribution PTE Ltd. and Esys Technologies PTE Ltd., along with its attachments, establish Esys did business with Intel as a single entity comprised of all of the affiliated Esys companies. (*See* Decl. 3). The Declaration explains Esys Technologies PTE Ltd. acquired one hundred percent of Microtel before the Second Amendment between Esys and Intel was executed. (*See id.* 2). The Declaration further attests, "It was clear that the assignment required Esys to perform under the Distribution Agreement and the attached CNDA." (*Id.*). Although not clearly articulated by Esys, it seems Esys asks the Court to infer the corporate entities (including Microtel) are fungible because all of the Esys companies participated in the Distribution Agreement before and after the Amendments were executed.

■ The Court cannot properly consider the Declaration on a motion for judgment on the pleadings as it is not central to the claim and its authenticity is in dispute. *See Horsley*, 304 F.3d at 1134. Esys never posits this "fungible corporate entity" theory in its Complaint, and none of the affiliated companies represented by the Declarant are parties to this action; rather, the Complaint specifically alleges the Microtel–Intel Non–Disclosure Agreement was assigned to Esys. As such, the Declaration and its corresponding argument are merely responsive to Intel's Motion and not central to the Complaint. *See, e.g., Adamson v. Poorter*, No. 06–15941, 2007 WL 2900576, at *3 (11th Cir. 2007) ("A document is not 'central' merely because it is directly responsive to a factual allegation.... [T]he foundation for a defendant's ability to introduce 'central' documents at the motion to dismiss stage "is that when a plaintiff files a complaint based on a document but fails to attach that document to the complaint, the defendant may so attach the document...." ").[5]

Accordingly, Esys cannot maintain a breach of contract action premised on the Microtel–Intel Non–Disclosure Agreement as a matter of law, and Intel is entitled to a judgment on the pleadings.

## IV. CONCLUSION

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that the Motion for Judgment on the Pleadings Pursuant to Rule 12(c) [**ECF No. 28**] is **GRANTED**. Count One of the Complaint is **DISMISSED without prejudice** and Plaintiff is granted leave to amend its

---

5. Esys notes throughout its Response, and without further argument, "Intel Americas, Inc." signed the Distribution Agreement and all of the Amendments, while the Confidential Non–Disclosure Agreements are entered into by "Intel Corporation." In one instance, Esys states, "It could be argued that since Intel Americas, Inc. is not a party to any of the [Confidential Non–Disclosure Agree-

ments], they all remain in full force and effect." (Resp. 3). The Court construes the scattered remarks as an argument in support of the Response, but believes it is contrary to Esys's position. The Court agrees the Microtel–Intel Non–Disclosure Agreement remains "in full force and effect" and therefore does not address the argument further.

Complaint, in accordance with this Order, by March 8, 2013.