DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**WAVERLY 1 AND 2, LLC,** a Florida limited liability company,
Appellant,

v.

**WAVERLY AT LAS OLAS CONDOMINIUM ASSOCIATION, INC.,**
a Florida corporation, not-for-profit,
Appellee.

No. 4D16-2866

[December 6, 2017]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Cynthia G. Imperato and Barbara McCarthy, Judges; L.T. Case No. CACE15-005333 (21).

Joel D. Eaton of Podhurst Orseck, P.A., Miami, for appellant.

Darrin Gursky and Carolina Sznajderman Sheir of Gursky Ragan, P.A., Miami, for appellee.

SMALL, LISA, Associate Judge.

Waverly 1 and 2, LLC ("the Owner") appeals the trial court's final judgment entered in favor of Waverly at Las Olas Condominiums Association, Inc. ("the Association"). After a non-jury trial, the trial court concluded that the Declaration of Condominium ("the Declaration") required commercial unit owners to obtain the written consent of the Association's board before altering landscaping appurtenant to their condominium units. Finding that the Declaration does not require commercial unit owners to obtain written consent of the Association's board before altering landscaping appurtenant to their condominium units, we reverse the final judgment and remand with directions to enter judgment in favor of the Owner.

### *Background*

Appellant is the owner of two commercial units at Waverly at Las Olas Condominiums. Waverly at Las Olas Condominiums is a mixed use condominium development which contains both residential and commercial units.

The Association sought declaratory relief, injunctive relief, and damages against the Owner for allegedly violating the Condominium's Declaration. The Association claimed that the Owner made unauthorized modifications to the property's landscaping scheme when the Owner removed two $18,000 canary palm trees without prior written approval from the Association's board.

The issue at trial was whether the Declaration requires commercial unit owners to obtain the written consent of the Association's board before altering landscaping appurtenant to their condominium units.

The Declaration states in pertinent part:

> 2.42 "Unit" means part of the Condominium Property which is subject to exclusive ownership, and except where specifically excluded, or the context otherwise requires, shall be deemed to include the Residential and the Commercial Units.
>
> . . . .
>
> 3.3(d) <u>Patios, Balconies, Terraces, Lanais and/or Sidewalks appurtenant to Commercial Units.</u> Any patios, balconies, terraces, lanais and/or sidewalks adjacent to a Commercial Unit, shall, subject to the provisions hereof, be a Limited Common Element of such Unit(s), so that the Commercial Unit Owner, from time to time, to the extent permitted by law, may incorporate and use such areas in connection with, or relating to, the operations from the Commercial Unit. . . .
>
> It is further understood and agreed that, anything herein contained to the contrary notwithstanding, the external surfaces, terraces, and balconies of each Commercial Unit shall be deemed Limited Common Elements thereof and the Owners thereof may place on such surfaces, or on the balconies appurtenant thereto such signage, mechanical equipment and/or other items thereon as they may desire, without requiring approval from the Association, the Board, or any other Unit Owner . . . and may further make any alterations or improvements, in the Commercial Unit Owner's sole discretion, to the Owner's Commercial Unit and/or Limited Common Elements appurtenant thereto or to the Common Elements. . . .
>
> 9.1 <u>Consent of the Board of Directors.</u> No Residential Unit Owner shall make any addition, alteration, or improvement in or to the Common Elements (including, without limitation, the Residential Limited Common Elements and/or Commercial Limited Common Elements), the Association Property, any structural addition, alteration, or improvement in or to his or her Residential

Unit. . . . Without limiting the generality of this subsection 9.1, no Unit Owner shall cause or allow improvements or changes to his or her Unit, or to any Limited Common Elements, Common Elements or any property of the Condominium Association which does or could in any way affect, directly or indirectly, the structural, electrical, plumbing, Life Safety Systems, or mechanical systems, or any landscaping or drainage, of any portion of the Condominium Property without first obtaining the written consent of the Board of the Association. . . . The Board shall have the obligation to answer, in writing, any written request by a Residential Unit Owner for approval of such an addition, alteration, or improvement. . . .

9.3     Improvements, Additions or Alterations by Developer or Commercial Unit Owners.     Anything to the contrary notwithstanding, the foregoing restrictions of this section 9 shall not apply to Developer owned Units or Commercial Units. . . . Additionally, each Commercial Unit Owner shall have the right, without the consent or approval of the Association, the Board of Directors or other Unit Owners, to make alterations, additions, or improvements, structural and non-structural, interior and exterior, ordinary and extraordinary, in, to and upon any Commercial Unit owned by it or them and Limited Common Elements appurtenant or adjacent thereto . . . .

17.4     Alterations. Without limiting the generality of section 9.1 . . . no Residential Unit Owner shall cause or allow improvements or physical or structural changes to any Residential Unit, Limited Common Elements appurtenant thereto, Common Elements or Association Property. . . .

The foregoing shall specifically not apply to Owners of the Commercial Units. *Specifically, the Owner of any Commercial Unit is expressly permitted (without requiring consent from the Association or any Unit Owner or any other party, other than applicable governmental authorities to the extent that prior approval from them is required), to install on the exterior walls of such Owner's Commercial Unit and any Limited Common Element or Common Element balconies, terraces, patios, lanais, decks, or other areas appurtenant thereto such signage, mechanical equipment, furniture, antennas, dishes, receiving, transmitting, monitoring, and/or other equipment thereon as it may desire and may further make any alterations or improvements, in the Commercial Unit Owner's sole discretion, to such Commercial Unit, Limited Common Elements or Common Elements.*

At trial, the Association did not dispute that the Owner, as a commercial unit owner, has extraordinary rights to alter the units. However, the Association claimed that the Owner did not have the right to alter the landscaping appurtenant to the condominium units before obtaining written approval from the Association's board. The Owner maintained that the Declaration allowed the Owner, as a commercial unit owner, to alter the landscaping without obtaining written consent from the Association's board.

The trial court found that the landscaping was a Common Element of the building. Additionally, the trial court found that section 9.1, when read in conjunction with section 2.42, required both residential and commercial unit owners to obtain written consent from the Association's board before altering the landscaping.

### *Analysis*

A trial court's interpretation of a declaration of condominium is subject to *de novo* review. *See Thomas v. Vision I Homeowner's Ass'n*, 981 So. 2d 1, 2 (Fla. 4th DCA 2007). "The constitution and by-laws of a voluntary association, when subscribed or assented to by the members, becomes a contract between each member and the association." *Id.* (citation omitted). "Interpretation of a contract is a question of law, and an appellate court may reach a construction contrary to that of the trial court." *Id.* (citation omitted).

The principles governing contractual interpretation are well settled in Florida. "Generally, the intentions of the parties to a contract govern its construction and interpretation." *Id.* "The intent of the parties by their use of such terms must be discerned from within the 'four corners of the document.'" *Emerald Pointe Property Owners' Ass'n, Inc. v. Commercial Const. Indus., Inc.*, 978 So. 2d 873, 877 (Fla. 4th DCA 2008) (citation omitted). Furthermore, the language being interpreted must be read in conjunction with the other provisions in the contract. *Royal Oak Landing Homeowners Ass'n v. Pelletier*, 620 So. 2d 786, 788 (Fla. 4th DCA 1993). "Where contractual terms are clear and unambiguous, the court is bound by the plain meaning of those terms." *Emerald Pointe*, 978 So. 2d at 877.

Upon our de novo review of the trial court's interpretation of the Declaration, we conclude that the trial court erred in finding that sections 2.42 and 9.1 of the Declaration require commercial unit owners to obtain the Association's board's written consent before altering a unit's landscaping. We find that section 9.3's first sentence, "Anything to the contrary notwithstanding, the foregoing restrictions of this section 9 shall not apply to Developer owned Units or Commercial Units," means section 9.1 does not apply to Commercial Unit Owners. Put simply, section 9.3 supersedes section 9.1 and any other restrictions set forth in section 9. Furthermore, we agree with the Owner that

section 9.1's requirement to obtain the Association's board's written approval before altering the landscaping clearly applies only to "residential unit owners." The Association's interpretation that sections 2.42 and section 9.1 require commercial unit owners to obtain written authorization to alter landscaping is not reasonable.

The Association relied on the following emphasized language contained within section 9.1:

> *Without limiting the generality of this subsection 9.1, no Unit Owner shall cause or allow improvements or changes to his or her Unit, or to any Limited Common Elements, Common Elements or any property of the Condominium Association which does or could in any way affect, directly or indirectly, the structural, electrical, plumbing, Life Safety Systems, or mechanical systems, or any landscaping or drainage, of any portion of the Condominium Property without first obtaining the written consent of the Board of the Association. . . .* The Board shall have the obligation to answer, in writing, any written request by a *Residential Unit Owner* for approval of such an addition, alteration, or improvement. . . .

However, the trial court erred in adopting the Association's interpretation of this language to the exclusion of, and consideration of, the remainder of section 9.1 and the pertinent Declaration provisions set forth in sections 9.3 and 17.4. Notably, section 9.1 only requires the Association's board to answer in writing any written request made by a residential unit owner for approval of such an addition, alteration or improvement.

Lastly, even if we were to find that the Declaration's provisions are in conflict or are ambiguous, the "rule of adverse construction" provides that where a contract is ambiguous, it will be interpreted against the drafter. "[T]he rule of adverse construction is a 'secondary rule of interpretation' or a 'rule of last resort,' which should not be utilized if the parties' intent can otherwise be conclusively determined." *Emerald Pointe*, 978 So. 2d at 878 n.1 (citations omitted). Here, the Association drafted the Declaration and, therefore, any ambiguity would be interpreted against the Association. If the Association wanted to prevent commercial unit owners from unilaterally altering the landscaping appurtenant to their units, such a prohibition should have been explicitly enumerated in the Declaration.

### *Conclusion*

For the aforementioned reasons, the trial court erred in its finding that commercial unit owners are required to obtain the Association's board's written consent before altering landscaping appurtenant to their units. Thus, this Court

reverses the final judgment and remands with directions for the trial court to enter final judgment in favor of the Owner.

*Reversed and remanded for proceedings consistent with this opinion.*

LEVINE and CONNER, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***