DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RANDY MCLLENAN, KAYLA MCLLENAN,**
and **CHARLES WILLIAMS,**
Appellants,

v.

**CYPRESS CHASE NORTH CONDOMINIUM NO. 4 ASSOCIATION, INC.,**
Appellee.

No. 4D2023-1269

[June 5, 2024]

Appeal from the Circuit Court for the Seventeenth Judicial Circuit, Broward County; Jeffrey R. Levenson, Judge; L.T. Case No. CACE22-00733.

Matthew J. Militzok of Militzok & Associates, P.A., d/b/a The Mold Lawyers, Plantation, for appellants.

Scott A. Cole and Francesca M. Stein of Cole, Scott & Kissane, P.A., Miami, for appellee.

WARNER, J.

A condominium unit owner and the co-residents of the unit appeal a final summary judgment on their claims of breach of contract and negligence by the condominium association for the association's failure to repair damage to the common elements, which allegedly caused appellants' damage and injuries. The trial court granted summary judgment, because the leak which caused the damages was within an upstairs unit and not caused by a common element. We reverse, because the association had a non-delegable duty to repair the common elements, regardless of the cause of the damage to the common elements.

## Background

Appellant Randy McLlenan owns a condominium unit within Cypress Chase (the "association"), and appellants Kayla McLlenan and Charles Williams reside in the unit with Randy. In August 2021, appellants noticed a water leak and mold in Randy's unit. Appellants notified the

association of the issue, but the association told appellants that it was their responsibility to repair the damage, as unit owners are responsible for repairs to their own units, including plumbing.  Over the next few months, however, other leaks appeared.  At first the association performed no remediation.  Then, the association contracted to provide remediation to the kitchen area but not the remainder of the unit.  As to the kitchen, the contractor tore out most of the kitchen without requesting appellants' permission, including the walls separating units.

In November 2021, sewage water began pouring into Randy's bathroom and broke through the light fixtures on the ceiling.  Appellants reported the situation to the association's property manager, and the leak was stopped that day.  The parties agree that the leak in Randy's bathroom was caused by a blockage or leak in the upstairs unit owner's bathtub.  Other than tearing out the kitchen, the association did not remediate any of the damage to Randy's unit, and mold continued to spread throughout the unit.

Appellants filed suit against the association.  In the amended complaint, the operative complaint for this appeal, appellants alleged: 1) breach of contract claim based upon the declaration of condominium; 2) negligence causing damage and injuries to all three appellants; and 3) violation of the Condominium Act.  The association filed an answer and affirmative defenses, including that appellants' damages were caused by the upstairs owner's negligence rather than by any association action.

The association filed a motion for summary judgment, arguing that because the leak was not caused by and did not stem from any common elements, the association had no obligation under its Declaration or under the Condominium Act to repair the damages to Randy's unit.  Therefore, the association argued it did not breach the Declaration or violate the Condominium Act, nor was the association liable for negligence as it had no duty to repair Randy's damages.

Appellants filed a response to the motion, arguing that while the association did not cause the damages to Randy's unit, the association has a duty to repair common elements, and the Declaration forbids individual unit owners from repairing common elements.  Appellants also argued that the association was liable for damage to Randy's kitchen, because the association voluntarily brought in a mold remediation company which negligently performed its services, stripped the kitchen cabinets and walls, and did not replace them.

2

The trial court held a hearing on the motion and granted the association summary judgment, concluding that the association had no duty to repair damage to Randy's unit caused by a leak from the upstairs unit, because the leak was not caused by a common element, but rather by the plumbing of the upstairs unit, which was that unit's owner's responsibility. At the end of the hearing, appellants noted that issues remained regarding the kitchen and the negligence of the contractors in tearing out the kitchen. After reviewing the complaint, the trial court concluded that appellants had not alleged damage to the kitchen and granted summary judgment on all counts. Appellants then filed this appeal.

## Analysis

The issue presented in this case is whether the association's Declaration of Condominium (the "Declaration"), and the Condominium Act, required the association to repair the damages to Randy's unit even though the damages were undisputedly caused by a leak from the unit above Randy's. The relevant provisions of the Declaration state:

§2.8 "Common Elements" shall mean and includes:

(a) **The portions of the Condominium Property which are not included within the Units,**

. . . .

(e) Any other parts of the Condominium Property designated as Common Elements in the Declaration;

(f) Common Elements includes Limited Common Elements unless the context otherwise requires.

. . . .

§2.18 "Limited Common Elements" mean and include those Common Elements which are reserved for the use of a certain Unit or Units to the exclusion of all other Units as specified in this Declaration.

§3.2 Unit Boundaries. Each Unit shall include that part of the Building containing the Unit that lies within the boundaries of the Unit, which boundaries are as follows:

(a) Upper and lower boundaries.  The upper and lower boundaries of the Unit shall be the following boundaries extended to an intersection with the perimetrical boundaries:

(i) Upper boundaries:  The horizontal plane of the Unfinished lower surface of the ceiling.

ii) Lower boundaries. The horizontal plane of the unfinished upper surface of the floor.

(b) Perimetrical boundaries.  The boundaries of the Unit shall be the vertical planes of the unfinished interior of the walls bounding the unit extended to intersections with each other and with the upper and lower boundaries. . . .

. . . .

7.  Maintenance and Repairs

§7.1  Units.  All maintenance, repairs and replacements of, in or to any Unit and Limited common Elements appurtenant thereto, . . . shall be performed by the Owner of such Unit at the Unit Owner's sole cost and expense, except as otherwise expressly provided to the contrary herein, . . .

§7.2  Common Elements.  Except to the extent (i) expressly provided to the contrary herein, or (ii) proceeds of insurance are made available therefor, **all maintenance, repairs and replacements in or to the Common Elements (other than Limited Common Elements as provided above) shall be performed by the Association** and the cost and expense thereof shall be charged to all Unit owners as a Common Expense, except to the extent arising from or necessitated by the negligence, misuse or neglect of specific Unit Owners, in which case such cost and expense shall be paid solely by such Unit Owners.

(Emphasis supplied)

Likewise, the Condominium Act provides that "[m]aintenance of the common elements is the responsibility of the association."  § 718.113(1), Fla. Stat. (2021).  The Condominium Act defines "common elements" as "the portions of the condominium property not included in the units." § 718.103(9), Fla. Stat. (2021).

## Duty to Repair from the Declaration of Condominium

Summary judgment is reviewed de novo. *Boyles v. Jimenez*, 330 So. 3d 953, 957 (Fla. 4th DCA 2021). The interpretation of condominium documents is a question of law also to be reviewed de novo. *Waverly 1 & 2, LLC v. Waverly at Las Olas Condo. Ass'n, Inc.*, 242 So. 3d 425, 428 (Fla. 4th DCA 2018).

A declaration of condominium is a contract between the unit owners and the association and is interpreted like any other contract. *Id.* "Where contractual terms are clear and unambiguous, the court is bound by the plain meaning of those terms." *Id.* (quoting *Emerald Pointe Prop. Owners Ass'n v. Com. Const. Indus., Inc.*, 978 So. 2d 873, 877 (Fla. 4th DCA 2008)).

The association argues that Section 7.2 of the Declaration, which obligates the association to repair common elements, only applies to the extent it does not conflict with another provision of the Declaration. The association claims that Section 7.1, which enumerates the unit owners' repair responsibilities, is such a conflicting provision. Section 7.1 provides that unit owners must perform repairs to their own units and specifies that this includes plumbing. But Section 7.1 only makes a unit owner responsible for repairs within the owner's unit or to the unit's Limited Common Elements.

The Declaration defines the boundaries of each unit as the lower surface of the unfinished ceiling and the interior surface of the walls and defines the common elements as any portion of the condominium property not included in the unit. Therefore, the space between the unfinished lower surface of Randy's ceiling and the unfinished upper surface of the upstairs unit's floor is a common element, as is the space between the unfinished interiors of Randy's boundary walls and those of his neighbors. The common elements are the association's responsibility to repair.

The Declaration makes no exception for what causes the damage, although the Declaration provides that the association may assess a single unit owner for the repair expense when the repairs result from the unit owner's negligence. Thus, if a single unit owner's negligence damages a common element, the Declaration allows the association to seek the repair expense from the negligent owner, but it does not excuse the association from its duty to repair the damaged common element.

The complaint alleged that the association failed to remediate damage to "common areas, including [the association's] drywall and ceilings by the

front door, in the living room and the bedroom, and other condominium property adjacent to the Unit[.]" Appellants also alleged that by failing to remediate the common elements damaged by the upstairs unit owner's leak, the association caused further damage to Randy's unit including mold and damage to fixtures, which presumably would not have occurred had the common areas been remediated in a reasonable amount of time. Thus, appellants alleged damage to the common elements, and injury from the association's failure to remediate that damage. The complaint also properly alleged duty and the breach thereof, causing damage.

Additionally, section 718.113(1), Florida Statutes (2021), clearly and unambiguously provides that "[m]aintenance of the common elements is the responsibility of the association." "When the language of [a] statute is clear and unambiguous and conveys a clear and definite meaning, . . . the statute must be given its plain and obvious meaning." *Storey Mountain, LLC v. George*, 357 So. 3d 709, 714 (Fla. 4th DCA 2023) (alteration in original) (quoting *A.R. Douglass, Inc. v. McRainey*, 137 So. 157, 159 (Fla. 1931)). The statute does not provide any exception for damage to the common elements caused by a specific unit owner.

Thus, the trial court erred in finding that the association had no duty to repair a common element solely because the damage originated from the upstairs unit. Because the association has the duty to repair the common elements no matter the cause of damage, several issues of material fact remain, such as whether the damage alleged by appellants was to common elements; whether and to what extent the association's failure to remediate damage to the common elements caused damage to Randy's unit; and the association's other affirmative defenses. Thus, the trial court erred in entering summary judgment on Randy's claims for breach of contract and violation of the Condominium Act.

**Damages to Kitchen**

At the hearing, after the court ruled that the association had no duty to repair pursuant to the Declaration, appellants sought to clarify that their negligence claim as to the kitchen damage was still viable. They claimed that the association's contractors destroyed the kitchen without their permission. Both the association and the court stated that this claim was not pled within the complaint. The court found that the complaint focused on the damages coming from the upstairs unit and granted summary judgment because the court found the association bore no responsibility for any of the damages. To the extent the trial court ruled that the association had no legal duty in any tort claim for any damage to

6

the kitchen because the association had no duty to repair under the Declaration, we have already explained why the court erred.

On appeal, the association argues additionally that appellants could not claim damages on issues not pled. This argument was never raised in their summary judgment motion. In *Alexopoulos v. Gordon Hargrove & James, P.A.*, 109 So. 3d 248 (Fla. 4th DCA 2013), we explained:

> "It is reversible error to enter summary judgment on a ground not raised with particularity in the motion." *Williams v. Bank of Am. Corp.*, 927 So. 2d 1091, 1093 (Fla. 4th DCA 2006) (citation omitted). The moving party is required to raise the grounds for summary judgment with particularity in order to "eliminate surprise and to provide the parties a full and fair opportunity to argue the issues." *Id.* (citation and quotation marks omitted); *see also* Fla. R. Civ. P. 1.510(c) ("The motion [for summary judgment] *shall* state with particularity the grounds upon which it is based and the substantial matters of law to be argued . . . ." (emphasis added)).

*Id.* at 249–50.

Thus, the trial court could not grant summary judgment on the basis that the kitchen damages was not part of the complaint, because the association never raised any such claim, even though the association was on notice through discovery that appellants were claiming that their damages included damage to the kitchen.

Moreover, the complaint for negligence alleged that beginning in August 2021, leaks (plural) began to appear in the unit in several places because of an upstairs bathtub leak. In addition to its duty under the declaration of condominium, the association had a separate duty to protect appellants from hazardous conditions and from "repeated" water leaks which compromised the materials in the common elements, causing damage to the unit. Appellants alleged multiple ways in which the association breached their duty, including "failing to adequately supervise and ensure that the work of third parties were (sic) done properly." We think these allegations were sufficient to raise other duties and the damage to other parts of the unit, including the kitchen.

Disputed issues of fact remain as to the kitchen damage as well. While the unit owner is responsible for repairs within the unit, appellants allege that the damage to their kitchen was caused by the association's

negligence in failing to repair the common elements after the leak was stopped. These questions of material fact remain unresolved.

## Conclusion

Under the association's Declaration and the Condominium Act, the association is responsible for all repairs to common elements. When water leaked into appellant's unit from an upstairs unit, the association had the duty to repair the common elements which were damaged. The court erred in granting summary judgment on the ground that the association had no duty to make the repairs. The cause of the leak was irrelevant to the association's duty to repair. We therefore reverse the summary judgment and remand for further proceedings.

*Reversed and remanded.*

KLINGENSMITH, C.J., and KUNTZ, J., concur.

\*  \*  \*

***Not final until disposition of timely filed motion for rehearing.***