DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**RONDA ELLIS,**
Appellant,

v.

**TITAN RESTORATION CONSTRUCTION, INC.,**
Appellee.

No. 4D2024-0085

[March 12, 2025]

Appeal from the Circuit Court for the Fifteenth Judicial Circuit, Palm Beach County; Maxine D. Cheesman, Judge; L.T. Case No. 502021CA012105.

Luke Lirot of Luke Charles Lirot, P.A., Clearwater, for appellant.

Paul Bagley and Christopher K. Walker of Balch & Bingham LLP, Jacksonville, for appellee.

PER CURIAM.

This case asks whether a contract between a homeowner and a restoration services contractor for the provision of post-loss remedial services covered by the terms of a residential property insurance policy is an "assignment agreement" as defined in section 627.7152(1)(b), Florida Statutes (2021). Because we conclude that the contract at issue is an "assignment agreement" that did not adhere to the requirements of section 627.7152 to be enforceable, we reverse the trial court's entry of summary judgment.

## Background

In July 2021, Ronda Ellis ("the homeowner" or "owner") sustained water damage at her residential property. She filed a claim with her insurance company and contracted with Titan Restoration Construction, Inc. ("Titan") to perform repair services covered by her insurance benefits.

A couple months later, the homeowner informed Titan that she was rescinding the contract. Titan then sued her for breach of contract,

seeking declarative relief and liquidated damages, as provided in the contract. The homeowner argued among her affirmative defenses that the contract was an invalid and unenforceable "assignment agreement" under section 627.7152.

Titan moved for summary judgment. The trial court granted this motion, concluding that the contract was not an "assignment agreement." The homeowner appeals from the resulting final summary judgment entered in favor of Titan.

## Analysis

We review a trial court's ruling on a motion for summary judgment de novo. *De Cruz-Haymer v. Festival Food Mkt., Inc.*, 117 So. 3d 885, 888 (Fla. 4th DCA 2013). The standard of review for issues of contract and statutory interpretation is also de novo. *See, e.g.*, *Air Quality Experts Corp. v. Fam. Sec. Ins. Co.*, 351 So. 3d 32, 36 (Fla. 4th DCA 2022) (statutory interpretation); *McPhee v. The Paul Revere Life Ins. Co.*, 883 So. 2d 366, 367 (Fla. 4th DCA 2004) (contract interpretation). In addition, when reviewing such issues, both contracts and statutes are to be interpreted in accordance with their plain language. *See, e.g.*, *Conage v. U.S.*, 346 So. 3d 594, 598 (Fla. 2022) (statutes); *Talbott v. First Bank Fla., FSB*, 59 So. 3d 243, 245 (Fla. 4th DCA 2011) (contracts).

Under Florida law, an "'[a]ssignment agreement' [is] *any instrument by which post-loss benefits* under a residential property insurance policy . . . *are assigned or transferred, or acquired in any manner, in whole or in part, to or from a person providing services*[.]" § 627.7152(1)(b), Fla. Stat. (2021) (emphasis added).

For an "assignment agreement" to be valid and enforceable, it must meet specific, statutory requirements. *See* § 627.7152(2)(a), Fla. Stat. (2021) (stating what requirements an "assignment agreement" must satisfy); § 627.7152(2)(b), Fla. Stat. (2021) (stating what provisions an "assignment agreement may not contain"); § 627.7152(2)(d), Fla. Stat. (2021) ("An assignment agreement that does not comply with this subsection is invalid and unenforceable."); *see also Air Quality Experts*, 351 So. 3d at 38-39 ("[Section 627.7152(2)(d)] expressly declares an assignment violative of its requirements is 'invalid and unenforceable,' precluding its enforcement by courts." (quoting § 627.7152(2)(d), Fla. Stat. (2021))).

The contract here does not meet three of these specific, statutory requirements. First, it fails to "[c]ontain a provision that allows the

2

assignor to rescind the assignment agreement without a penalty or fee by submitting a written notice of rescission signed by the assignor to the assignee within 14 days after the execution of the agreement, at least 30 days after the date work on the property is scheduled to commence if the assignee has not substantially performed, or at least 30 days after the execution of the agreement if the agreement does not contain a commencement date and the assignee has not begun substantial work on the property[,]" contrary to section 627.7152(2)(a)2., Fla. Stat. (2021). Second, it does not display, "in 18-point uppercase and boldface type[,]" a notice about the rights an insured is giving up under the insurance policy at issue, contrary to section § 627.7152(2)(a)6., Fla. Stat. (2021). And lastly, it contains a liquidated damage provision contrary to 627.7152(2)(b)3., Fla. Stat. (2021), which prohibits "[a] penalty or fee for cancellation of the agreement[.]"

The contract here provides:

> *Owner hereby assign[s] all rights, causes of action, damages, indemnity and/or any interest in any monies due and payable by Owner's Insurance Co. . . . related to the restoration/rebuild/repairs aspect of the subject insurance claim(s) and for all labor, material and services rendered by Titan.* Owner understands and desires this limited assignment of insurance benefits to satisfy Owner's obligation to secure full payment of any and all invoices, estimates[,] and change orders with respect to all restoration/rebuild/repair work related to the subject insurance claim(s).

(Emphasis added).

The contract further provides:

> *The owner agrees to execute this assignment of insurance proceeds, authorize two party checks to be issued by the Insurer to the owner and Titan as payee, along with any other documents required for the assignment of the insurance proceeds to . . . Titan including authorization for the insurer to pay Titan directly as payee. . . .* Titan reserves the right to cease all work in the event Owner refuses to promptly endorse any payment checks or execute the aforementioned documents.

(Emphasis added).

The contract then proceeds to address what actions constitute a material breach of the contract. Included in this list of actions are the "*negotiation of any check issued by the Insurer* for the work performed under this agreement *to anyone other than Titan*" and "[f]ailure on the part of *the owner to execute any assignment of insurance proceeds requested by Titan*[.]" (Emphasis added).

Section 627.7152(1)(b) defines an "assignment agreement" as "any instrument" that causes the assignment, transfer, or acquirement, "in whole or in part," of the post-loss insurance benefits to or from a person providing services. The contract here unequivocally meets this definition because under its plain language, it causes "in whole or in part" the assignment, transfer, or acquirement of the homeowner's post-loss insurance benefits. *See* § 627.7152(1)(b), Fla. Stat. (2021); *see also Assign, Black's Law Dictionary* (12th ed. 2024) (defined as "[t]o convey in full" or "to transfer"); *Transfer*, Black's Law Dictionary (12th ed. 2024) (defined as "to pass or hand over from one to another, esp[ecially] to change over the possession or control of"); *Acquire*, Black's Law Dictionary (12th ed. 2024) (defined as to "obtain by any means").

Moreover, the contract does not comply with section 627.7152(2) because it does not contain the provisions required by sections 627.7152(2)(a)2. and 627.7152(2)(a)6., and allows Titan to recover liquidated damages for the homeowner's material breach of the contract, including the contract's cancellation, in violation of section 627.7152(2)(b)3., which prohibits "[a] penalty or fee for cancellation of the agreement[.]"

**Conclusion**

Because the contract satisfies section 627.7152's definition of an "assignment agreement" and does not comply with the statute's specific requirements, it is "invalid and unenforceable." *See* § 627.7152(2)(d), Fla. Stat. (2021). We therefore reverse the trial court's entry of final summary judgment in favor of Titan and remand for further proceedings consistent with this opinion.

*Reversed and remanded with instructions.*

Damoorgian, Levine, and Artau, JJ., concur.

\* \* \*

***Not final until disposition of timely filed motion for rehearing.***

4